## [No. 1835]

## STATE OF NEVADA, Respondent, v. J. W. SIMPSON, Appellant.

1. Burglary—Statutory Offenses—Elements.

　　The offense of housebreaking under the statute (Comp. Laws, 4713), making every person who in the day time shall enter a dwelling-house, with intent to steal, guilty of housebreaking, is complete when the house is entered with the specific intent to steal, and the actual stealing or attempt to steal property therein is but evidence of such intent, and the allegation in the indictment of ownership of the property in the house is mere surplusage.

2. Criminal Law—Erroneous Admission of Evidence—Harmless Error.

　　Where, on a trial for housebreaking, accused, in explaining his flight from the immediate vicinity of the house, after the breaking and entry thereof had been discovered, testified that he ran away because he had a dirk knife in his possession, and that he was afraid if arrested that he would be in danger of conviction for carrying a concealed weapon, the error, if any, in admitting the dirk knife in evidence, was not prejudicial.

Appeal from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Peter J. Somers*, Judge.

J. W. Simpson was convicted of housebreaking, and he appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Clarence C. Ward*, for Appellant:

I.　The court erred in admitting over defendant's objection and exception, incompetent, irrelevant and immaterial evidence, which evidence, so admitted, was prejudicial to the rights of the defendant. Under this heading we refer particularly to testimony admitted in reference to property found upon the defendant at the time he was searched by the jailer, after being brought to the county jail at Goldfield, for incarceration. It not being shown that the property testified to as having been found on the defendant at the time mentioned was in any way connected with the alleged crime, or the perpetration thereof, it was wholly irrelevant, and such testimony had no place in the trial of the cause. A fact is relevant to a fact in issue if it logically tends in any degree to show the existence or nonexistence of that fact. (Clark Crim. Proc.

503.)   A wound having been inflicted with a knife or dagger, the fact of defendant having in his possession, either proximately before or proximately after the commission of the alleged assault, an instrument capable of inflicting the wound suffered in the assault, would be material, as a circumstance, requiring explanation.

II.   In the case at bar, the possession of a knife or dagger was not essential to the commission of the crime charged in the indictment; nor was it alleged, or proved, that a dagger or knife was in any way used in the commission of the crime alleged; hence the fact that the defendant had a knife in his possession at the time the crime is alleged to have been perpetrated, is a wholly irrelevant and immaterial fact.   And the admission of proof to that effect was wholly improper, and could serve no legitimate purpose in this trial; but, on the contrary, was calculated to wrongfully excite and prejudice the jury against the defendant.

III.   We recognize the fact that the crime sought to be charged in the indictment might have been completely alleged, under the statute, as well as under the rules of the common law, without having charged that the intent was to steal the property of John Doyle, or of any other person; but we insist that the state, having chosen thus to particularize, and to specially allege that the intent was to steal the property of John Doyle, situate and being therein, is held strictly to its proof of that allegation; and any failure to complete this proof is failure to prove an essential element of the crime charged, and fatal.

The general rule is:  In indictments for offenses committed upon property, real or personal, the name of the general or special owner must be accurately stated.   (Clark Crim. Proc. 227.)   The allegation of ownership is essential to the charge. in indictments for offenses in relation to personal property, and must be supported by the proof.   (Id. 338.)

*Corpus delicti*—To establish the *corpus delicti* all the circumstances proved must be consistent with each other; consistent with the hypothesis that the accused is guilty, and at the same time inconsistent with the hypothesis that he is innocent, and with every other rational hypothesis except that of guilt.   (12

Cyc. 488.)   If the evidence is consistent with the theory of defendant's innocence, the verdict of guilt ought to be set aside.   (*Block* v. *State*, 112 Ga. 29; 12 Cyc. 489.)

IV.   The verdict is the result of improper conduct on the part of the district attorney in his address to the jury.   District attorneys occupy the position of representatives of the people in criminal prosecutions.   It is no more their duty to try to convict an innocent man than it is to defend the guilty. When a district attorney has duly presented all the evidence available to him concerning the commission of a crime in his jurisdiction, or so much thereof as he may deem necessary and proper to a due presentation of the case, and has summed up or discussed that which has been produced on both sides, to the jury, he has properly discharged his duties.   When he goes outside the record in his argument, and either intentionally or unintentionally injects elements or testimony into the case which have not properly been developed at the trial, he exceeds his authority and violates the law.   In this case the issue was, Did the defendant enter the house described, with intent to steal the goods of John Doyle?   There was no direct testimony on the subject at all.   The entire case was made up of circumstantial evidence.   Not a witness in the entire trial testified that the defendant herein was, on the 18th day of July, 1908, or any other date, or ever, in the Doyle house.   Not a witness testified that any person, except Mrs. Doyle, was in that house on the date named in the indictment.

V.   It is reversible error for the prosecuting attorney in his argument to the jury to assert facts and circumstances as being in the case which are not shown by the evidence, or to comment upon such facts, or to draw inferences from them unfavorable to the accused.   (12 Cyc. 574, citing numerous cases.) Where the prosecution obtains a conviction by going outside the record in argument to the jury, the verdict so obtained should be set aside.   (*State* v. *Gutekunst*, 24 Kan. 252; *State* v. *Comstock*, 20 Kan. 650.)   In a criminal prosecution it is irremediable error for the prosecuting attorney, in addressing the jury, to refer to matters outside the evidence produced at the trial.   (*People* v. *Bower*, 79 Cal. 415; *People* v. *Treat*, 77 Mich. 348; *State* v. *Ulrich*, 110 Mo. 350; *Holder* v. *State*, 58 Ark. 473;

*State* v. *Irwin,* 9 Idaho, 35, citing with approval, 58 Ark. 473; *Invey* v. *State,* 113 Ga. 1062; *Wilson* v. *Territory,* 9 Okla. 331; *State* v. *Balch,* 31 Kan. 465.)

*R. C. Stoddard,* Attorney-General, for Respondent:

I.   The principal point raised by appellant is that the intent as alleged in the indictment was not proven. The indictment alleges that the defendant did enter the dwelling-house of John Doyle "with intent then and there in said dwelling-house to steal the goods and chattels of said John Doyle, situate and being therein." The proof is ample that the house was the dwelling-house of John Doyle, but appellant insists that it should have been proven that John Doyle was the owner of goods and chattels situate therein. This was unnecessary. All that the state needed to prove was that defendant, the appellant herein, entered said dwelling-house with "intent then and there in said dwelling-house to steal," and proof of this was sufficient to sustain the indictment.

II.   Where the conviction is for burglary only, and not for larceny the allegation of ownership is surplusage, and a variance is immaterial. (6 Cyc. 230.) Assuming that proof of ownership of the goods and chattels in the dwelling-house of John Doyle had to be established in him, as alleged in the indictment, it was so established, in point of law, by proving ownership in his wife. John Doyle was the bailee of the personal property of his wife situate in said dwelling-house. "But it is also settled that goods in the possession of a bailee may be laid as his property." (*State* v. *Wincroft,* 76 N. C. 40.) Another point raised by appellant is in regard to evidence admitted by the trial court that the defendant, the appellant herein, at the time of his arrest, had in his possession a dagger or knife. This was properly admitted for the purpose of showing intent. (12 Cyc. 394.)

III.   The appellant has also raised the point of misconduct of the district attorney, and has cut out certain portions of the address of the prosecuting officer which he considers error. We do not attack the authorities cited by him, but we submit that they have no application to the case now under consideration. The district attorney endeavored to be absolutely fair,

and an examination of his address to the jury and of the entire record in the case refutes the contention of misconduct.

By the Court, NORCROSS, C. J.:

The appellant was convicted of the crime of housebreaking upon an indictment charging that the said defendant on the 18th day of July, 1908, or thereabouts, at the County of Esmeralda, did then and there in the daytime enter the dwelling-house of John Doyle, and occupied by said John Doyle, with the intent then and there, and in said dwelling-house, to steal the goods and chattels of the said John Doyle situate and being therein. From the judgment of conviction and the order denying his motion for a new trial, the said Simpson appeals.

There was proof showing, or tending to show, that the appellant herein entered the dwelling-house occupied by the said John Doyle and his wife, and while therein opened the trunk of the said Mrs. Doyle, and was engaged in going through the same when frightened away by the return of Mrs. Doyle. It is contended by counsel for appellant that there is a fatal variance between the allegation in the indictment and the proof, in that there was no evidence that the defendant in any way disturbed any property belonging to the said John Doyle, and hence no evidence of an intent to steal the property of the said John Doyle. The attorney-general in his brief has cited authorities which he contends supports the position that, even though it were necessary to establish ownership of property in the said John Doyle, the fact that he was in the occupancy and control of the building was sufficient to make him in law a bailee of all of the property situate therein, and that as such bailee he would be regarded as having sufficient title to the property to support an allegation of ownership thereof for the purposes of the indictment. In the case of *Kidd* v. *State*, 101 Ga. 528, 28 S. E. 990, the court said: "It is not essential that an indictment for burglary, which charges that the accused broke and entered a house with intent to commit a larceny therein, should distinctly describe the larceny in question. * * * In the present case it was alleged that the goods which the accused intended to steal belonged to the

prosecutor, and the proof showed that the title to the same was in his wife. We do not think this constituted a variance between the *allegata* and the *probata*. It did appear that the goods were in the possession of the husband and under his custody and control; and according to the principle laid down in *Goode* v. *State*, 70 Ga. 752, this was sufficient to authorize the allegation that the goods belonged to the prosecutor."

The statute under which the defendant was convicted provides: "Every person who, in the daytime, shall enter any dwelling-house, * * * with intent to steal, or to commit any felony whatever therein, is guilty of housebreaking. * * *" (Comp. Laws 4713.) It is unnecessary, under this statute, to specifically allege ownership of property, and such allegation in the indictment may be rejected as surplusage. The offense is complete when the house or other building is entered with the specific intent designated in the statute. The actual stealing or attempt to steal property therein is only evidentiary of the criminal intent. "When it is necessary to allege the ownership of goods, which it is alleged defendant intended to steal or stole, the ownership must be proved as laid; but according to the better opinion, when such an allegation is unnecessary, and the conviction is for burglary only, and not larceny, the allegation of ownership is surplusage, and a variance is immaterial." (6 Cyc. 230; *Harris* v. *State*, 61 Miss. 304; *James* v. *State*, 77 Miss. 370, 26 South. 929, 78 Am. St. Rep. 527; *State* v. *Tyrrell*, 98 Mo. 357, 11 S. W. 734; *State* v. *Hutchinson*, 111 Mo. 257, 20 S. W. 34; *Reg.* v. *Clarke*, 1 C. & K. 421, 47 E. C. L. 421.)

Apellant assigns error in the admission over objection of a dirk knife and sheath taken from the defendant at the time of his arrest. Without determining the question whether the knife was admissible as evidence upon the part of the state, as contended by the attorney-general, it is sufficient answer to appellant's contention to state that the defendant at the trial testified that he based his defense upon the dirk knife in question. As an explanation of his flight, after the breaking and entering of the house had been discovered and himself found in the immediate vicinity thereof and charged with the offense, he testified that the reason he ran away was because he had

this particular knife in his possession, and that he was afraid, if arrested, he would be in danger of conviction for carrying a concealed weapon, and that to avoid such possibility he ran from the scene of the crime, and attempted to escape from his pursuers. Evidence upon which the defendant testifies he bases his main defense could hardly be regarded as prejudical.

Counsel for appellant next assigns prejudicial error committed by the district attorney in his concluding argument to the jury. We have heretofore in numerous cases, and especially in the recent case of *State* v. *Rodriquez*, 31 Nev, 342, had occasion to comment upon the limitations which should control prosecuting attorneys in their arguments before the jury. In this case, however, after an examination of the alleged objectionable language used by the district attorney, we are unable to find anything therein that could be considered objectionable. We find no reference to facts not brought out in the evidence introduced upon the trial nor the statement of conclusions which may not legitimately follow from the facts disclosed by the evidence.

No error appearing in the record, the judgment and order of the trial court are affirmed.