JOHN BULLIS and JOSEPH JAMES BARRETT, Appellants, *v.* THE STATE OF NEVADA, Respondent.

No. 5079

April 11, 1967                                    426 P.2d 423

[Rehearing denied May 9, 1967]

*Samuel B. Francovich,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Herbert Joseph Santos,* Deputy District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Defendants were convicted jointly of first degree burglary arising out of an illegal entry and tunneling through basement dividing walls which encompassed three stores in downtown

Reno. They were apprehended midway in their efforts. They demurred to the information which was in the statutory language, NRS 205.060, as follows:

"John Bullis and Joseph James Barrett, also known as Joseph James Russo * * * did wilfully, unlawfully, feloniously and burglariously enter in the nighttime a certain building situated in Washoe County, to wit, Fashion Fair, located at 211 N. Virginia Street, Reno, Nevada, with the intent then and there to commit larceny." The contention of the demurrer was that there is no crime of "larceny" in this state, only grand larceny (NRS 205.220) and petty larceny (NRS 205.-240) which, it was alleged, made the information defective because one or the other should be specified.

The demurrer was overruled. After the trial and conviction, they moved for a new trial and arrest of judgment which was denied. They appeal from the final judgment and denials of the motions.

1. The crime for which the defendants were charged and convicted is burglary not larceny. The allegation of the intent to commit larceny is simply an element of the crime of burglary. State v. Patchen, 36 Nev. 510, 517, 137 P. 406 (1913); Harris v. Commonwealth, 37 S.E.2d 868, 871 (Va. 1946). Since the primary concern in a burglary indictment is with the unlawful entry, the intended felony or theft need not therein be described with the same specificity that might be required in charging the offense of larceny or another felony. People v. Peck, 194 N.E.2d 245, 247 (Ill. 1963); Register v. State, 112 So.2d 523, 524 (Miss. 1959); People v. Smith, 24 P. 988 (Cal. 1890). (See Howard v. Sheriff, 83 Nev. 150, 425 P.2d 596 (1967).)

2. The trial court properly instructed the jury on all the issues and questions of law. The denial of a motion for continuance immediately prior to trial was within the discretion of the trial court and we find no abuse of that discretion. Other allegations of error are without merit.

Affirmed.