John BULLIS, Appellant,

v.

Carl HOCKER, Warden of the Nevada
State Penitentiary, Appellee.

No. 22939.

United States Court of Appeals
Ninth Circuit.

April 14, 1969.

John Bullis, in pro. per.

Harvey Dickerson, Atty. Gen., Carson, City, Nev., for appellee.

Before JERTBERG, ELY and HUF-STEDLER, Circuit Judges.

JERTBERG, Circuit Judge.

Before us is an appeal from an order of the United States District Court for the District of Nevada, denying, without an evidentiary hearing, appellant's petition for the issuance of a writ of habeas corpus. Following the denial of the writ, the district court issued a certificate of probable cause.

The salient facts derived from the petition for the writ may be summarized as follows:

In 1965, appellant was arrested in the State of Nevada, and charged with the offense of committing a felony in that state, to wit: burglary in the first degree. He was enlarged on bail, and with the permission of the bonding company went to the State of Idaho. While in Idaho he was arrested and charged with the commission of a felony, to wit: burglary in the second degree. He was enlarged on bail and with the permission of his bonding company returned to the State of Nevada.

Following trial to a jury in the Second Judicial District Court of Washoe County, Nevada, appellant was sentenced to the Nevada State Penitentiary for not less than one nor more than fifteen years. On appeal to the Supreme Court of the State of Nevada, the conviction was affirmed. Bullis v. Nevada (1967), 83 Nev. 175, 426 P.2d 423. In his petition, appellant in no manner attacks the validity of the judgment of conviction.

In September of 1967, while appellant was serving his sentence in the Nevada State Penitentiary, the Governor of the State of Idaho requested of Nevada the extradition of appellant to the State of

Idaho to face the charge of second degree burglary pending against him in that state. An extradition hearing was held in the First Judicial District Court of the State of Nevada where appellant was advised of the nature of the proceedings, and informed of his right to counsel. Appellant concedes that he waived the right to counsel, but states that the waiver was not intelligently made, nor was he given any advice concerning his right, or any opportunity to petition the courts of Nevada for a writ of habeas corpus. Following the hearing appellant was turned over to law enforcement officers of the State of Idaho, and by them he was escorted to the State of Idaho, forcibly and against his will.

Appellant was tried for the offense of second degree burglary in the District Court of Ada County, Idaho. He was convicted of that offense by a jury, and sentenced to serve three years in the Idaho State Penitentiary.

Thereafter, officers of the State of Idaho transferred appellant, against his will, from the State Penitentiary of Idaho and returned him to the State Penitentiary of Nevada. Appellant states that prior to his return no extradition hearing was held, nor was he advised of his right to counsel, and his attempts to file a petition for writ of habeas corpus in the courts of the State of Idaho were frustrated by the Idaho state officers.

Following appellant's return to the penitentiary in Nevada, he petitioned the First Judicial District Court of the State of Nevada for a writ of habeas corpus. The writ was denied and petitioner filed a timely notice of appeal to the Supreme Court of Nevada. The Supreme Court dismissed the appeal as being without merit. He then petitioned the United States District Court for the District of Nevada for the issuance of a writ of habeas corpus, and, as previously noted, the writ was denied.

Basic to his contentions on this appeal, which we will review later, appellant urges that he did not "flee from justice" either from the State of Nevada or the State of Idaho, as provided in Section 2, Clause 2, Article IV of the Constitution of the United States. This section provides:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

Appellant's argument in this respect is that he departed from Nevada, for Idaho, voluntarily, while enlarged on bail by the State of Nevada, and returned to Nevada, voluntarily, while enlarged on bail by the State of Idaho. Hence, he claims that under the quoted section of the Constitution he was not extraditable by either state.

Prior to the time of the extradition hearing in Nevada, each of the two states involved had enacted a Uniform Criminal Extradition Act. Idaho: Uniform Criminal Extradition Act, 1927, I.C.A. ch. 29, §§ 19–4501–19–4527; Nevada, Uniform Criminal Extradition Act, 1967, N.R.S. 179.177–179.235.

As part of the extradition proceedings in this case, a written stipulation or agreement was entered into between the Governors of the two states, in which it was expressly provided that in the event the prosecution of appellant by the State of Idaho be terminated in any manner other than by imposition of a judgment and execution of a sentence of death, appellant would be returned to Nevada, on its demand, at the expense of the State of Idaho.

On this appeal, appellant contends that his present confinement is unconstitutional on the grounds:

(a) that he was denied due process in connection with his appeal to the Supreme Court of Nevada, from the Order of the First Judicial District Court of the State of Nevada;

(b) that he was denied due process in being taken from Nevada to Idaho, forcibly and against his will;

(c) that he was denied due process in being returned to Nevada, forcibly and against his will; and

(d) that Nevada lost jurisdiction over him by consenting to his removal from that state to Idaho.

Appellant's contention that he was denied due process in the habeas corpus appeal to the Supreme Court of Nevada is frivolous.

On this appeal we are in no wise concerned with the validity of the criminal proceedings in the State of Idaho.

■ Appellant's contention that he was denied due process in being returned from Idaho to Nevada cannot be asserted in this habeas corpus proceedings. As stated by the district court in its order denying appellant's petition:

> "Allegations of an abduction by the asylum state are insufficient to challenge its jurisdiction over one otherwise validly subject to its process. Mahon v. Justice, 127 U.S. 700, 705, 715 [8 S.Ct. 1204, 32 L.Ed. 283]; In re Johnson, 167 U.S. 120, 125 [17 S.Ct. 735, 42 L.Ed. 103]."

See also Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1952); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1962); Thompson v. Bannan, 298 F.2d 611 (6th Cir. 1962).

■ We find no basis for the contention that Nevada lost jurisdiction over appellant upon his extradition to the State of Idaho. There was no commutation of sentence, and no pardon of his offense. Under the extradition agreement between the two Governors, jurisdiction by Nevada, over appellant, was expressly retained. See Thompson v. Bannan, *supra*; Dean v. State of Ohio, 107 F.Supp. 937 (1952); Rau v. McCorkle, 45 N.J.Super. 191, 131 A.2d 895 (1957).

The order appealed from is affirmed.