JAMES ARNOLD CARR, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 11869

October 22, 1979                                         601 P.2d 422

*Morgan D. Harris,* Public Defender, and *Michael L. Miller,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Following a preliminary examination, the Clark County District Attorney filed an information in the district court charging James Arnold Carr with burglary, a felony under NRS 205.060, and further alleging that Carr used a deadly weapon in the commission of that crime (*see* NRS 193.165). Carr thereafter filed a pretrial petition for a writ of habeas corpus in the district court, contending that there was insufficient evidence presented at the preliminary examination to support the allegation that he used a deadly weapon in the commission of the burglary. The petition was denied and Carr has appealed.

Evidence presented at the preliminary examination disclosed that Carr was discovered inside a house in Las Vegas when the owner returned home from lunch. Carr, who was carrying a knife when he was discovered, took several steps toward the owner before she fled the house and notified the police. Based on this evidence, Carr was ordered to stand trial.

The essence of Carr's contention is that the crime of burglary was complete upon his alleged unlawful entry of the house and was not accomplished with the use of the knife. We agree.

The offense of burglary is complete when the house or other building is entered with the specific intent designated in the

statute.[1] *See* Bullis v. State, 83 Nev. 175, 426 P.2d 423 (1967); State v. Simpson, 32 Nev. 138, 104 P. 244 (1909). Thus, Carr's alleged commission of the burglary, having already occurred upon his entry of the house, could not have been perpetrated with the *use* of a deadly weapon as contemplated by NRS 193.165.[2] In order to use a deadly weapon for purposes of that statute, there need only be conduct which produces a fear of harm or force by means or display of a deadly weapon. Culverson v. State, 95 Nev. 433, 596 P.2d 220 (1979).

Therefore, although Carr's alleged conduct with the knife after he gained entry into the house may subject him to other criminal charges, *cf.* State v. Helmick, 540 P.2d 638 (Ariz. 1975), such conduct may not be used to enhance the crime of burglary pursuant to NRS 193.165. Accordingly, the district court's order denying Carr's petition for a writ of habeas corpus which challenges the allegation that he used a deadly weapon in the commission of the burglary is reversed without prejudice to the state's right to file appropriate charges, if any, within 15 days after remittitur issues.

MANOUKIAN and BATJER, JJ., concur.

MOWBRAY, C. J., dissenting:

The majority holds, in effect, that a burglar who is gathering his loot is no longer engaged in the commission of a burglary. According to the majority, the burglary had already been "completed". I doubt if an unsuspecting homeowner, surprised in his own living room by a weapon-wielding burglar, would be able to comprehend or to appreciate the majority's logic. I know that I do not.

In reaching its conclusion, the majority performs a feat of legerdemain, transforming a legal term of art, "complete", into a conception of reality. Of course, the crime of burglary is "complete", in the sense that criminal liability attaches, once an individual enters a house with a felonious intent. *See* NRS 205.060(1). The *commission* of that crime, though, is not "complete" in the sense of being terminated.

---

[1]NRS 205.060(1) provides in part:

"Every person who . . . enters any house . . . with intent to commit grand or petit larceny, or any felony, is guilty of burglary."

[2]NRS 193.165(1) provides in part:

"Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison . . . ."

This Court has not always been so swayed by a hypertechnical intrepretation of the word "complete". In the felony-murder context, this Court has found that the res gestae of a crime embraces the actual facts of the transaction, the matters immediately antecedent to it, *and* those "acts immediately following it and so closely connected with it to form in reality a part of the occurrence." State v. Fouquette, 67 Nev. 505, 528, 221 P.2d 404, 417 (1950); *accord* Payne v. State, 81 Nev. 503, 507, 406 P.2d 922, 924–925 (1965). Thus, we held that a robber who was attempting to secure his stolen possessions or who was attempting to effect his escape was still engaged in the perpetration of a robbery even though the robbery had been technically "completed". *Id.* The result should be no different with respect to burglary. *See, e.g.,* United States v. Naples, 192 F.Supp. 23, 33–35 (D.C.D.C. 1961) (and cases cited therein), *rev'd on other grounds,* 113 App.D.C. 281, 307 F.2d 618 (1962).

Since I believe that the evidence presented at the preliminary examination provided probable cause to believe that appellant used a deadly weapon in the commission of a burglary, I would affirm the district court's denial of appellant's writ of habeas corpus.

Respectfully, I dissent.

THOMPSON, J., concurs.