**PEOPLE OF the UNITED STATES ex rel. Claude A. DOTSON, Jr., a/k/a Roger Henderson, Petitioner,**

v.

**Richard DeROBERTIS, et al., Respondents.**

**No. 82 C 1464.**

United States District Court, N. D. Illinois, E. D.

April 21, 1982.

Claude Dotson, Jr., pro se.

Tyrone Fahner, Illinois Atty. Gen., Chicago, Ill., for respondents.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Claude A. Dotson, Jr. ("Dotson") brings this 28 U.S.C. § 2254 habeas corpus petition (the "Petition") challenging his Indiana state court conviction. On March 29, 1982 this Court made the threshold determination necessary to grant Dotson leave to file in forma pauperis. It has now conducted the preliminary facial examination of the Petition called for by Rule 4 following Section 2254 and determines that Count I must be dismissed and this action must then be transferred to the United States District Court for the Northern District of Indiana.

After an Illinois conviction for the unlawful use of weapons, on July 10, 1981 Dotson

began serving a two year sentence at Stateville Correctional Center ("Stateville"). On August 10, 1981 the State of Indiana lodged a warrant with Stateville seeking Dotson's transfer to Indiana for trial on a pending burglary charge. Dotson was transported to Indiana, tried and convicted, then returned to Stateville to finish his Illinois sentence before beginning service of the Indiana sentence.

Dotson's three-count Petition charges improprieties in his transfer to Illinois (Count I) and in his Indiana conviction (Counts II and III). Dotson does *not* challenge his Illinois conviction.

■ As to Count I, Dotson can no longer complain of his transfer to Indiana. Once tried a defendant cannot attack a conviction by challenging in habeas proceedings the manner in which he was brought before the trial court. *Bullis v. Hocker*, 409 F.2d 1380, 1382 (9th Cir. 1969); *Farrant v. Bennett*, 347 F.2d 390, 394 (8th Cir. 1965); *Thompson v. Bannan*, 298 F.2d 611, 613–14 (6th Cir. 1962); *see, United States v. Marzano*, 388 F.Supp. 906, 910 (N.D.Ill.1975), *aff'd*, 537 F.2d 257, 271–72 (7th Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 734, 50 L.Ed.2d 749 (1977). Count I is therefore dismissed.

■ Counts II and III question Dotson's Indiana conviction. While this Court may have jurisdiction over such an action, it retains power to transfer this action under 28 U.S.C. § 1404(a). *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 499 n.15, 93 S.Ct. 1123, 1131 n.15, 35 L.Ed.2d 443 (1973).

All Section 1404(a)'s criteria—convenience of the parties and witnesses and the interest of justice—will be better served in an Indiana forum:

(1) Though Dotson himself is physically present in Illinois, the Petition should not require an evidentiary hearing. If one were required, *Braden* teaches that the

result should be no different (*id.* at 494, 93 S.Ct. at 1129):

> The expense and risk of transporting the petitioner to [the forum state], should his presence at a hearing prove necessary, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from [the forum state] to the district where petitioner is confined.

And of course counsel can be appointed for Dotson, if appropriate, wherever the Petition is considered on the merits.

(2) Whether or not an evidentiary hearing is required, it will be far more convenient for the Indiana defendants to respond to this action in Indiana.

(3) Federal judges in Indiana are of course much more familiar with the Indiana law questions interwoven in the Petition. See *Braden, id.* at 499, 93 S.Ct. at 1132.

### Conclusion

Petition Count I is legally deficient on its face. In accordance with Rule 4 following Section 2254, Count I is dismissed.

This Court finds, for the convenience of the parties and witnesses and in the interest of justice, this action (that is, the remaining Counts II and III) should be transferred to the United States District Court for the Northern District of Indiana.[1] It so orders in the exercise of its discretionary power under 28 U.S.C. § 1404(a) (*see, Ross v. Mebane*, 536 F.2d 1199, 1202 (7th Cir. 1976)).

---

1. As the *Braden* Court put it, 410 U.S. at 498–99, 93 S.Ct. at 1131–32:

> In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer.