ROBERT JOHN DOLBY, JR., Appellant, v. THE STATE OF NEVADA, Respondent.

No. 19810

February 22, 1990                    787 P.2d 388

---

[1]The Honorable Cliff Young, Chief Justice, has voluntarily disqualified himself from consideration of this case.

*Morgan D. Harris,* Public Defender, *James R. Hales,* Deputy Public Defender, *Michael Gardner,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, *Daniel M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Robert Dolby, Jr., appeals from his conviction of attempted second degree kidnapping and attempted murder and from the district court's order amending the sentence for the attempted murder count. For the reasons set forth below, we affirm the convictions, vacate the amended sentence imposed for attempted murder and reinstate the lawful ten-year sentence initially imposed.

In the span of half an hour, Dolby tried to kidnap a woman and attempted to murder an eighty-year-old man. During the commission of a robbery against the eighty-year-old man Dolby repeatedly kicked the man in the head. While the victim lay in a pool of blood, Dolby laughed and continued to beat the victim until Dolby was subdued by two casino employees. Based upon the evidence submitted, the jury convicted Dolby of robbery of a victim sixty-five years of age or older, attempted second degree kidnapping, and attempted murder of a victim sixty-five years of age or older.

On December 13, 1988, the date of Dolby's initial sentencing, counsel for Dolby reminded the court that Nevada statutes do not provide for an enhanced penalty on a charge of attempted murder when the victim is sixty-five years of age or older. Nevertheless,

the court sentenced Dolby to ten years on the attempted murder charge, with an enhancement of ten years because of the age of the victim, for a total of twenty years.

Counsel for Dolby brought a motion to correct the unlawful sentence on January 13, 1989. Both parties and the court agreed that the enhanced penalty for the attempted murder charge was unlawful. Counsel for Dolby argued that the appropriate remedy was simply to vacate the illegal enhancement. The state conversely argued that the court was free to resentence the defendant on all counts. The court vacated the enhanced penalty and resentenced Dolby on the primary offense of attempted murder. The court's amended sentence was for a total of twenty years, which corresponded exactly with the sentence imposed under the attempted murder charge when the enhancement penalty was included.

Dolby claims the court was required to vacate the enhancement, while the state maintains that the court was free to amend the sentence to conform with the court's original intent that Dolby serve twenty years on the attempted murder charge.

The question presented to us is whether the court violated Dolby's double jeopardy rights when it vacated and then doubled the sentence for attempted murder. Once a defendant begins to serve a lawful sentence, he may not be sentenced to an increased term; to do so violates the constitutional proscription against double jeopardy. Ex Parte Lange, 85 U.S. 163, 18. Wall. 163 (1873); United States v. Evans, 459 F.2d 1134 (1972); State v. Suniga, 701 P.2d 1197 (Ariz. 1985). If the initial sentence is unlawful, however, there is no double jeopardy problem in vacating or modifying the whole sentence. Bozza v. United States, 330 U.S. 160 (1947).

When a court is forced to vacate an unlawful sentence on one count, the court may not increase a lawful sentence on a separate count. Chandler v. United States, 468 F.2d 834 (5th Cir. 1972). In Kennedy v. United States, 330 F.2d 26 (9th Cir. 1964), the defendant pleaded guilty to a number of various criminal postal offenses. On all but two of the charges (which were breaking and entering a post office with the intent to commit larceny) the court imposed a ten-year sentence. The court ordered that all the sentences were to run concurrently. After serving two months of each sentence, the defendant sought an order to correct an unlawful sentence; he argued that the maximum penalty for the offense of entering a post office with the intent to commit larceny was five years, not ten. The court agreed that the sentence was unlawful

and that it could only impose a five-year sentence. At resentencing the court imposed two five-year sentences and ordered that one of the five-year sentences run concurrent to the other charges and that the other sentence run consecutively. The judge then stated on the record that "when the original sentences were imposed he intended to sentence petitioner to a total term of ten years, regardless of whether the counts carried a maximum of ten years or only five years." *Kennedy,* 330 F.2d at 27.

In reversing and remanding the case, the Ninth Circuit stated:

> The initial sentences imposed for the breaking and entering counts were not absolutely void but were void only as to the unlawful or excessive portions thereof. [Citations omitted.] Five year terms and their concurrent running were the lawful portions of the initial sentences; only the excess of five years in each sentence was unlawful. In this situation, the excessive sentences are to be corrected, not by absolute discharge of the prisoner, but by an appropriate amendment of the invalid sentence of the court . . . [citation omitted]. But the court may not increase or make more severe the valid portions of the sentence as originally imposed where the prisoner has fully suffered one of the alternative punishments to which alone the law subjects him, [citations omitted], or where, as here, service of the legal portions of this sentence has commenced.

*Id.*

Dolby concedes that the sentence that the court imposed is not for two distinctly separate counts, as in *Kennedy* and *Chandler,* but rather for a primary penalty and an enhanced penalty as provided for in NRS 193.167. Dolby argues, however, that the rationale of the federal cases is equally applicable. We agree. In Nevada Dep't of Prisons v. Bowen, 103 Nev. 477, 745 P.2d 697 (1987), we dealt with the issue of whether, for parole purposes, the Nevada Department of Prisons should consider the penalty for the primary offense and enhancement as separate and distinct or as one continuous sentence. In ruling that the penalty for the primary offense and the enhancement penalty should be treated distinctly, this court stated: "The penalty for a primary offense and the enhancement penalty imposed pursuant to NRS 193.165 are separate and distinct, and the consecutive sentences imposed must be treated as separate sentences *for all purposes.*" *Id.* at 481, 745 P.2d at 699 (emphasis added).

There is no reason for treating the primary and enhanced penalties as two distinct sentences for purposes of parole and as one sentence for purposes of determining whether the court can

alter the primary offense when the enhancement is unlawfully imposed. We conclude, therefore, that the primary sentence and the enhancement are separate and distinct. The district court initially sentenced Dolby to a lawful ten-year sentence for the primary offense of attempted murder. The court also imposed an unlawful enhancement of ten years. Only the unlawful sentence may be vacated, and Dolby's lawful sentence cannot be modified.

We have reviewed Dolby's contentions regarding the sufficiency of evidence and find them to be without merit. Thus, we affirm Dolby's convictions. However, we vacate the amended sentence for attempted murder, and we reinstate the lawful ten-year sentence initially imposed.