OPINION
Appellant Joseph L. Wyrick appeals the decision of the Court of Common Pleas, Fairfield County, which corrected his sentences from two 1992 convictions. The relevant facts leading to this consolidated appeal are as follows. On March 30, 1992, in case number 90-CR-NV-0243, appellant pled guilty to the offense of abduction, a violation of R.C. 2905.02. On that same day, he also pled guilty to burglary, a violation of R.C. 2911.12, in case number 90-CR-SP-0178. At the time, appellant was serving a sentence in the Iowa Men's Reformatory for felony convictions in that state. The trial court's sentencing entries ordered incarceration of four to ten years on the abduction conviction, and seven to fifteen years on the burglary conviction, to be served consecutively. Both entries also contained the following directives: The Court then ordered, based upon the fact that said Defendant was returned to the State of Ohio from the State of Iowa on an interstate detainer agreement, that said Defendant shall be confined in the Iowa Men's Reformatory, Box B, Anamosa, Iowa, for an actual period of incarceration * * * and was ordered to pay the costs of prosecution. Further, the court ordered that the sentence herein above imposed shall be served consecutively to the sentence imposed upon the Defendant in the Fairfield County Common Pleas Court in [the companion case], but concurrently to the sentence previously imposed upon the Defendant in the State of Iowa to which he was incarcerated in the Iowa Men's Reformatory.
Appellant was eventually paroled in Iowa. On July 2, 1999, the state filed a motion in each case requesting a sentencing hearing to correct the aforesaid sentencing entries, contending that Ohio prison officials refused to accept appellant as a prisoner. On July 12, 1999, appellant filed a motion in opposition. Following oral arguments on July 13, 1999 and September 8, 1999, the trial court rendered nunc pro tunc judgment entries for both cases, sentencing appellant to the Orient, Ohio, Correctional Center, using identical periods of incarceration as the 1992 sentences, but giving appellant credit for time served while incarcerated in Iowa. Appellant timely appealed and herein raises the following Assignment of Error:
 I THE TRIAL COURT'S NUNC PRO TUNC JUDGMENT ENTRY IS NULL AND VOID BECAUSE THE TRIAL COURT WAS WITHOUT JURISDICTION TO ALTER APPELLANT'S SENTENCE AFTER HE COMMENCED TO SERVE HIS SENTENCE.
 I
Appellant argues that the trial court lacked jurisdiction to modify his sentences. In response, the state proposes that the original sentences are simply invalid, in that Article I, Section12 of the Ohio Constitution would prevent a common pleas judge from ordering a defendant to serve a term of imprisonment in Iowa or any other foreign state. We agree with this assessment. The cited constitutional provision, which guarantees that "[n]o person shall be transported out of the State, for any offense committed within the same * * *," is clearly a reflection of a deep abhorance in American law for the practice of banishing convicted defendants to another state or country. Banishment is "a fate universally decried by civilized people." Trop v. Dulles (1958), 356 U.S. 86,102. In a similar vein: Whether it is called banishment, exile, deportation, relegation or transportation, compelling a person "to quit a city, place, or country, for a specified period of time, or for life," has long been considered a unique and severe deprivation, and was specifically outlawed by "[t]he twelfth section of the English Habeas Corpus Act, 31 Car. II, one of the three great muniments of English liberty." Olim v. Wakinekona (1983), 461 U.S. 238, 252, fn. 1 (Marshall, J., dissenting), quoting United States v. Ju Toy (1905), 198 U.S. 253, 270 (Brewer, J., dissenting).
Appellant nonetheless asserts that our opinion in State v. Kohler (May 29, 1998), Fairfield App. No. 97CA 64, unreported, "found valid a sentence where the defendant's Ohio sentence was to run concurrent with a Tennessee sentence and where the defendant was serving the time in the Tennessee prison." Appellant's Brief at 7. However, Kohler is wholly distinguishable from the case sub judice. The basis of Kohler is that the Ohio sentencing entry under review was completely silent as to the Tennessee sentence, therefore we had to presume the existence of concurrence pursuant to R.C. 2929.41. Kohler in no fashion would permit a court to punish an Ohio felon with foreign incarceration. In the case sub judice, we are faced with original entries that are not only unequivocal about events in Iowa, but effectively unlawfully sentenced appellant to imprisonment in that state. We must therefore next address whether the trial court properly reasserted jurisdiction to correct the invalid portions of the 1992 sentencing entries. Appellant cites State v. Addison (1987),40 Ohio App.3d 7 and State v. Ballard (1991), 77 Ohio App.3d 595 for the proposition that a court cannot modify a defendant's sentence once execution of the sentence has commenced. However, our review of these cases reveals no indication that the modified sentences under consideration were originally invalid or void. In contrast, we note the existence of numerous cases which hold that post-execution modification of an invalid sentence does not create a violation of the Double Jeopardy Clause. See State v. McColloch (1991), 78 Ohio App.3d 42; Brook Park v. Necak (1986), 30 Ohio App.3d 118; State v. Wilson (May 2, 1996), Cuyahoga App. Nos. 69347-39349, unreported; Dolby v. State (1990), 106 Nev. 63,787 P.2d 388. The modifications at issue did not, moreover, alter the original time frames of the sentences. We are unable to find error or unconstitutional infringement in the trial court's invocation of jurisdiction to amend the 1992 entries. Appellant finally contends that the trial court's action amounted to more than correction of mechanical mistake, and that use of a nunc pro tunc entry was reversible error. A nunc pro tunc order can be used to supply information which existed but was not recorded, and to correct typographical or clerical errors. Jacks v. Adamson (1897),56 Ohio St. 397. The office of a nunc pro tunc order is limited to supplying an omission in the entry of what the trial court actually did at an earlier point in time. State, ex rel. Phillips, v. Indus. Comm. (1927), 116 Ohio St. 261. The transcript before us reveals the challenge faced by the trial court in its consideration of the issue:
 THE COURT: Well, the basis of the dilemma that we have here, I think everyone agrees, is the fact that at the time in 1992, no one contemplated that the defendant would be released from Iowa short of serving 11 years. And I think this is what the Defendant has in his mind, that at the time, he was probably instructed that he would serve his sentence in Iowa and he wouldn't serve any time in Ohio, because if he did 11 years in Iowa, there wouldn't be any time to do in Ohio, so that he would never do any time in the State of Ohio.
T. at 12-13.
Upon review of the record, we have difficulty technically justifying the trial court's use of a nunc pro tunc order in the unusual situation sub judice. However, our present conundrum is quite similar to that faced by the Ninth District in State v. Yeagley (April 19, 1995), Wayne App. No. 2895, unreported. In that case, the trial court resentenced a convicted drug trafficker upon realization that the original sentence failed to comply with the penalty determination requirements of R.C. 2925.03(C)(6). Addressing Yeagley's similar proposition on appeal, the Court held: Inasmuch as the trial court's original sentencing order was null and void, a nunc pro tunc order was not the proper vehicle to correct it. Since the trial court retained jurisdiction to correct the void sentencing entry, however, the use of a nunc pro tunc order was harmless error. Accordingly, defendant's * * * assignment of error is overruled. Id. at 4.
We apply analogous logic in the case sub judice and find the use of a nunc pro tunc format in correcting the invalid 1992 sentences to be harmless error. Appellant's Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decisions of the Court of Common Pleas, Fairfield County, are hereby affirmed.
 _______________________ FARMER, J.
GWIN, P.J. and MILLIGAN, V.J. concur.