An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN MORAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66557

**FILED**

OCT 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges a district court ruling denying a pretrial petition for a writ of habeas corpus.[1] Petitioner is awaiting trial on charges of murder with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon, and burglary while in possession of a deadly weapon in connection with the bludgeoning of his ex-wife.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601,

_____

[1]In the alternative, petitioner seeks a writ of prohibition. Because the district court had jurisdiction to consider petitioner's pretrial habeas petition, a writ of prohibition is inappropriate. *See* NRS 34.320.

603-04, 637 P.2d 534, 536 (1981); *see State v. Eighth Judicial District Ct. (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining arbitrary and capricious exercise of discretion). Mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983).

Petitioner argues that NRS 205.060(4) is unconstitutional because it improperly expands the crime of burglary to include crimes that occur after entry is completed in violation of NRS 205.070 and this court's jurisprudence. Relying primarily on *Carr v. State*, 95 Nev. 688, 601 P.2d 422 (1979), he argues that the "use of a weapon, after completion of the burglary, cannot be used to enhance the crime of burglary." However, several years later, the Legislature amended the burglary statute to address the concerns raised in *Carr, see* 1989 Nev. Stat., ch. 568, § 1, at 1207, and petitioner has failed to demonstrate that the statute is unconstitutional on this basis. Therefore, extraordinary relief is not warranted on this ground.

Petitioner also argues that the State inaccurately instructed the grand jurors regarding dual liability for murder and first-degree kidnapping. The grand jury's primary function is to determine whether there is probable cause to show that a crime has been committed and that a particular person committed it. *Schuster v. Eighth Judicial District Ct.*, 123 Nev. 187, 192, 160 P.3d 873, 877 (2007). To assist the grand jury in that endeavor, the prosecution is required to instruct the grand jury on the elements of offenses alleged. NRS 172.095(2). Whether a defendant

may incur convictions for murder and kidnapping is unrelated to the elements of those offenses or the grand jury's probable cause determination and therefore any error in the dual liability instruction does not affect the probable cause determination. Accordingly, extraordinary relief is not warranted on this basis.

Petitioner next argues that the State failed to produce sufficient evidence at the grand jury to establish probable cause for the charged offenses. Our review of a pretrial probable cause determination through an original writ petition is disfavored, *see Kussman v. District Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980), and petitioner has not demonstrated that his challenge to the probable cause determination fits the exceptions we have made for purely legal issues, *see Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991); *State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990).

Having considered petitioner's arguments and concluded that he has not demonstrated that the district court manifestly abused its discretion by denying his pretrial habeas petition, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

Supreme Court
OF
Nevada

(O) 1947A

cc:    Hon. Douglas Smith, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk