An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL ANTHONY NELSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65012

**FILED**

JUL 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a firearm, possession of a dangerous weapon on school property, carrying a concealed firearm or other deadly weapon, and the unlawful taking of a vehicle. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant Michael Anthony Nelson argues first that the State's amended information did not adequately advise him of the State's theory for the burglary offense and allowed the State to change its theory of prosecution during trial.[1] We apply a reduced standard to test the sufficiency of the information because it is being challenged for the first time on appeal. *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 670 (1970). For the information to be insufficient, it must be "so defective that by no construction, within the reasonable limits of the language used, can

---

[1]Nelson makes the same argument as to the original information. Because the amended information effectively took the place of the original information and alleged the same burglary offense and theory, we refer only to the amended information in addressing this claim.

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-22086

it be said to charge the offense for which the defendant was convicted." *Id.* (internal quotation marks omitted).

Here, the amended information informed Nelson of the State's theory that Nelson committed burglary by entering the victim's apartment while in the possession of a firearm with the intent to commit assault and/or battery. *See* NRS 205.060(1), (4). We conclude that the burglary charge in the amended information was sufficiently clear so as to apprise Nelson of the theories of prosecution and allow him to prepare a defense. *See* NRS 173.075(1), (2); *Laney*, 86 Nev. at 179, 466 P.2d at 670. Contrary to Nelson's claim, the amended information did not permit the State to change its theory of prosecution during trial, and the record does not support Nelson's assertion that the State alleged a "number of theories" for the burglary charge during closing argument. To the extent that Nelson contends that the information should have included the means or manner of assault and/or battery, Nelson fails to demonstrate that the lack of specificity as to assault and/or battery rendered the information deficient. *See Bullis v. State*, 83 Nev. 175, 176, 426 P.2d 423, 423 (1967) ("Since the primary concern in a burglary indictment is with the unlawful entry, the intended [assault or battery] need not therein be described with the same specificity that might be required in charging the offense of [assault or battery]"). Accordingly, we conclude that the amended information was sufficient to support the judgment of conviction.

Second, Nelson argues that the district court abused its discretion in denying his motion to set aside the verdict and enter a judgment of acquittal because the verdict was inconsistent. A motion for a judgment of acquittal must be filed "within 7 days after the jury is discharged." NRS 175.381(2). Because Nelson filed his motion 35 days

after the jury returned its verdict and was discharged, the motion was untimely and the district court did not have authority to grant it. *See id.*; *cf. Ross v. Giacomo*, 97 Nev. 550, 553, 635 P.2d 298, 300 (1981), *abrogated in part on other grounds by Winston Prods. Co. v. DeBoer*, 122 Nev. 517, 524, 134 P.3d 726, 731 (2006).

Third, Nelson contends that there was insufficient evidence to support the conviction for burglary with the use of a deadly weapon. His sole argument in this regard is that because the jury acquitted him of battery, there was insufficient evidence that he committed burglary. This argument relies on Nelson's mistaken belief that to be convicted of burglary, he had to have actually committed the offense of battery when he entered the apartment. However, as the plain language of the burglary statute makes clear, Nelson needed only to have the intent to commit a felony, in this case battery and/or assault, when he entered the apartment. NRS 205.060(1). Nelson provides no argument as to how the elements of burglary were not proven or how the evidence adduced at trial was insufficient to support the conviction. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Therefore, we decline to consider his conclusory challenge to the sufficiency of the evidence.

Fourth, Nelson claims that the district court's instruction to the jury about the specific intent required for burglary was inadequate. His sole argument in support of this claim is that the jury must have been confused about the intent instruction because it acquitted him of battery but convicted him of burglary. Because Nelson failed to object to the instruction below, we review for plain error. *Green v. State*, 119 Nev. 542,

545, 80 P.3d 93, 95 (2003). The district court properly instructed the jury on general intent, the elements of burglary, and the specific intent required for burglary. Nelson's challenge to the specific intent instruction appears to rely on his mistaken belief about the elements of burglary, and he fails to demonstrate that the jury instructions were misleading or erroneous.

Fifth, Nelson argues that the district court violated the prohibition against double jeopardy by imposing a harsher sentence for his carrying-a-concealed-firearm conviction than it imposed in his original judgment of conviction.[2] We disagree. Because Nelson's original judgment of conviction was reversed and his case was remanded for a new trial, *Nelson v. State*, Docket No. 61951 (Order of Reversal and Remand, July 22, 2013), the district court's imposition of a greater sentence upon reconviction did not violate double jeopardy principles, *see North Carolina v. Pearce*, 395 U.S. 711, 719-26 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). Nelson's reliance on *Dolby v. State*, 106 Nev. 63, 787 P.2d 388 (1990), and *Wilson v. State*, 123 Nev. 587, 170 P.3d 975 (2007), is misplaced. Neither of those cases involved an increased sentence upon retrial; rather, *Dolby* involved a sentencing correction initiated sua sponte by the district court, 106 Nev. at 65, 787

---

[2]Nelson was initially convicted and sentenced to 12-48 months in prison for the offense of carrying a concealed firearm. However, this court reversed the judgment of conviction on appeal and remanded for a new trial because Nelson was denied his right to represent himself. *Nelson v. State*, Docket No. 61951 (Order of Reversal and Remand, July 22, 2013). Upon retrial, Nelson was again found guilty of carrying a concealed firearm and the district court sentenced him to 24-60 months in prison on that count.

P.2d at 389, and *Wilson* involved a resentencing mandated on appeal after the defendant's conviction was partially vacated, 123 Nev. at 589-90, 170 P.3d at 976. In those situations, this court held that "when a court is forced to vacate an unlawful sentence on one count, the court may not increase a lawful sentence on a separate count." *Wilson*, 123 Nev. at 594, 170 P.3d at 979 (quoting *Dolby*, 106 Nev. at 65, 787 P.2d at 389). That holding is not applicable here because all of Nelson's sentences were vacated on appeal and thus the sentence imposed by the district court on retrial was a new sentence and not an increase of an existing lawful sentence.

Finally, Nelson contends that the district court erred in allowing the State to inform the district court at the sentencing hearing about the jury's reasons for acquitting Nelson of battery based on the State's post-verdict discussion with the jurors. He asserts that evidence of the jury's mental processes was inadmissible for any purpose under NRS 50.065. Nelson did not object below, and we conclude that Nelson has failed to demonstrate any error in this regard. *See Green*, 119 Nev. at 545, 80 P.3d at 95. After the district court denied Nelson's motion to set aside the verdict, the State, in response to Nelson's argument that the jury acquitted him of battery because they found that he acted in self-defense, informed the district court that the jurors had indicated during the post-verdict discussion that the acquittal was based on insufficient evidence of battery, not on self-defense. Given that the State made this statement after the district court denied the motion to set aside verdict, Nelson cannot show that the mental processes of the jurors had any impact on the district court's ruling. And, regardless of this evidence, the district court had no authority to grant Nelson's untimely motion, as discussed above.

Nelson makes no allegation, and the record does not support, that the district court considered evidence of the jurors' mental processes in imposing sentence.

For the foregoing reasons, we conclude that no relief is warranted and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. James M. Bixler, District Judge
     Nguyen & Lay
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk