# IN THE SUPREME COURT OF THE STATE OF NEVADA

TEODORO MACARENA-PARTIDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68090

FILED

APR 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING

This is an appeal from a district court order dismissing in part a postconviction petition for a writ of habeas corpus and an amended judgment of conviction, pursuant to a jury verdict, of battery with the intent to commit a sexual assault, burglary, and home invasion. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Teodoro Macarena-Partida broke into Kara Bunting's home, attacked her with a knife, and fled. Macarena-Partida was later convicted of battery with the intent to commit a sexual assault, burglary, and home invasion, which he appealed. We affirmed Macarena-Partida's conviction, *see Macarena-Partida v. State*, Docket No. 60346 (Order of Affirmance, February 13, 2013), and he proceeded to file a postconviction petition for a writ of habeas corpus in the district court. The State filed a motion to dismiss, but stipulated that the sentencing enhancements for the burglary and home invasion counts were illegal. The district court granted the State's motion to dismiss without an evidentiary hearing, and granted a new sentencing hearing on the counts for burglary and home invasion. The court then resentenced Macarena-Partida and entered an amended judgment of conviction.

17-10931

Macarena-Partida argues that the district court violated double jeopardy in the amended judgment of conviction by ordering consecutive sentences for the primary offenses of burglary and home invasion, rather than concurrent sentences, as originally required. He also argues that the district court was only required to vacate the unlawful sentences. Conversely, the State contends that the resentencing was proper because the district court decreased Macarena-Partida's sentences for these primary offenses. We conclude that the district court judge cannot interfere with a lawful sentence, as only an unlawful sentence can be altered. Accordingly, the district court violated double jeopardy pursuant to *Dolby v. State*, 106 Nev. 63, 787 P.2d 388 (1990). Therefore, we vacate the amended judgment of conviction and remand for the entry of a correct, lawful sentence.

"A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal." *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). Further, "an illegal sentence may be corrected at any time." *Id.* at 900, 192 P.3d at 1191 (internal quotation marks omitted).

The district court originally sentenced Macarena-Partida as follows: for count I (battery with the intent to commit a sexual assault), a sentence of life in prison with parole eligibility after serving 96 months, plus a consecutive term of 48-120 months for the deadly weapon enhancement; for count II (burglary), a sentence of 48-120 months in prison, plus a consecutive 24-60 months for the deadly weapon enhancement, to be served consecutively to count I; and for count III (home invasion), a sentence of 24-60 months in prison, plus a consecutive

 

24-60 months for the deadly weapon enhancement, to be served concurrently with count II.

The district court then amended Macarena-Partida's original sentence by vacating the deadly weapon enhancements and changing his sentences for counts II and III as follows: for count II, a sentence of 24-60 months in prison, to be served consecutively to count I; and for count III, a sentence of 33-84 months in prison, to be served consecutively to count II.

With regard to resentencing, this court has stated: "When a court is forced to vacate an unlawful sentence on one count, the court may not increase a lawful sentence on a separate count." *Dolby*, 106 Nev. at 65, 787 P.2d at 389. Further, "[o]nce a defendant begins to serve a lawful sentence, he may not be sentenced to an increased term; to do so violates the constitutional proscription against double jeopardy." *Id.* Accordingly, "[o]nly the unlawful sentence may be vacated, and [the defendant's] lawful sentence cannot be modified." *Id.* at 67, 787 P.2d at 390.

Here, the district court's resentencing is improper under *Dolby*. Although the punishment for the primary offense in count I remained the same, the district court altered the punishments for the primary offenses in counts II and III, and then ordered that count III be served consecutively to count II, rather than concurrently. The district court did, however, correctly vacate the deadly weapon enhancements imposed at the original sentencing hearing for counts II and III, and we affirm that part of the amended judgment of conviction.

Finally, we vacate the district court's amended judgment of conviction with regard to counts II and III and instruct the district court, on remand, to reinstate the original sentence for those counts minus the

deadly weapon enhancements, and order counts II and III to run concurrently with each other.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART and, VACATED IN PART and we REMAND this matter to the district court for the entry of a second amended judgment of conviction.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Scott N. Freeman, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[1]After consideration of Macarena-Partida's remaining arguments, we conclude that they lack merit. In particular, the district court's dismissal of Macarena-Partida's petition without an evidentiary hearing did not violate his right to due process. Further, Macarena-Partida's trial counsel was not ineffective for conceding guilt as to burglary and home invasion.