IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY MICHAEL WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78614

FILED

MAY 22 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER AFFIRMING CONVICTION,
VACATING SENTENCE, AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a firearm, grand larceny auto, robbery of a victim 60 years of age or older, fraudulent use of a credit card, possession of a forged instrument, and two counts each of robbery with a deadly weapon and conspiracy to commit robbery.[1] Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Williams raises two main contentions on appeal.

Williams first argues that the district court erred in not sua sponte granting a mistrial after a codefendant pleaded guilty mid-trial as the codefendant's unexplained absence prejudiced the jury against Williams, amounting to a structural error. When a defendant fails to object to an alleged structural error, we review for plain error. *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018). To obtain relief under plain-error review, "an appellant must demonstrate that: (1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-19568

inspection of the record; and (3) the error affected the defendant's substantial rights." *Id.* (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)).

Williams fails to demonstrate plain error. At the close of the case, the district court instructed the jury to neither speculate regarding the codefendant's absence nor consider it in their deliberations[2] and Williams fails to demonstrate that the jury considered that absence in convicting him such that he was prejudiced. Accordingly, we conclude that no relief is warranted on this claim.

Second, Williams challenges the district court's sentence. After Williams expressed anger regarding the district court's initial pronouncement of sentence, which included, as the longest sentence, life with the possibility of parole after 10 years for robbery of a victim 60 years of age or older, the sentencing judge suggested increasing Williams' sentence. Williams responded by calling the judge a "punk" and "bitch"; repeatedly cursing at the judge; and telling both the judge and prosecutor that he hoped they would die. Thereafter, the judge increased Williams' sentence to life without the possibility of parole on all counts. We first reject Williams' double jeopardy challenge to the sentence increase because double jeopardy only attaches once a defendant begins serving his sentence, *Dolby*

---

[2]Jury instruction 12 advised,

> You are admonished that you may not speculate as to the reasons for [codefendant's] absence from this proceeding, nor may you consider it any way when evaluating the evidence against Defendant ANTHONY WILLIAMS and in reaching your decision as to whether Defendant ANTHONY WILLIAMS is guilty or not guilty on each Count against him in the Amended Indictment.

*v. State*, 106 Nev. 63, 65, 787 P.2d 388, 389 (1990), which did not occur in this case until after the court announced the increased sentence.

Williams also argues that the district court vindictively increased his sentence based on Williams' statements made after the initial sentence pronouncement. The district court never gave a legal reason for suddenly deviating from the previously pronounced sentence. In fact, we conclude that the district court judge erred in retaliating against Williams by imposing life without the possibility of parole sentences, and thereafter saying, "Have fun."[3] *See* NRS 1.230(1) (providing that a judge shall not act in a proceeding where he has "actual bias or prejudice" against a party); *Kirksey v. State*, 112 Nev. 980, 1007, 923 P.2d 1102, 1119 (1996) (stressing that a judge's opinion formed from "events occurring in the course of the current proceedings . . . constitutes a basis for a bias or partiality" if "the opinion displays 'a deep-seated favoritism or antagonism that would make fair judgment impossible'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))); *Azucena v. State*, 135 Nev. 269, 273, 448 P.3d 534, 538 (2019) (reiterating the expectation that trial judges act with "patience and dignity, and . . . in a manner that promotes public confidence in the integrity of the judiciary at all times"). Under these circumstances, we

---

[3]The record is unclear as to whether the district court judge directed this comment toward Williams or his counsel, but it is improper and judicially unbecoming nonetheless.

ORDER the judgment of conviction AFFIRMED BUT VACATE the sentence and REMAND for a new sentencing hearing before a different district judge.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:  Chief Judge, Eighth Judicial District Court
Hon. William D. Kephart, District Judge
Law Office of Julian Gregory, L.L.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk