SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* EDNA MARIE STEVENS, Respondent.

No. 13364

June 25, 1981                                     630 P.2d 256

*Richard H. Bryan,* Attorney General, Carson City, and *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Stevens was charged with burglary, NRS 205.060, and grand larceny, NRS 205.220. These charges arose out of an incident on the 9th of October, 1980, in which two victims awoke to find Stevens in their motel room carrying away a purse belonging to one of the victims. The purse was subsequently recovered, but several items in the purse were missing, including a wallet containing approximately $150.

In a pretrial petition for a writ of habeas corpus, Stevens challenged the sufficiency of evidence presented at the preliminary examination in support of the charge of grand larceny. The district court granted the petition and the state has appealed.

The transcript of the hearing on the habeas petition reveals that the district court never reached the issue of sufficiency of the evidence. Rather, the district court ruled that if a person enters a house and steals property once inside, the state may only charge burglary. This ruling was clearly erroneous.

The offense of burglary is complete when the house or other building is entered with the specific intent to commit larceny or

any felony therein. Carr v. Sheriff, 95 Nev. 688, 601 P.2d 422 (1979); *see* NRS 205.060(1). If larceny or any felony is thereafter committed, the perpetrator has committed two crimes, and may be charged with burglary as well as larceny or the felony. *See* People v. Morales, 69 Cal.Rptr. 553 (Ct.App. 1968).

Accordingly, the order of the district court granting respondent's pretrial petition for a writ of habeas corpus is reversed.