JAMES LEE CARTER, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 12702

June 29, 1982                        647 P.2d 374

*William N. Dunseath,* Public Defender, *Michael B. McDonald,* and *N. Patrick Flanagan,* Deputy Public Defenders, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, *Richard F. Cornell* and *Edward B. Horn,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant pleaded guilty to the sexual assault and robbery of a seventy-three-year-old woman with the use of a knife. The district court judge sentenced appellant pursuant to NRS 193.165 and NRS 193.167. Appellant received twenty years for the sexual assault, plus an enhancement of twenty years for use of a deadly weapon, and an additional twenty years because his victim was over sixty-five years. The district court ordered the three twenty-year terms to run consecutively. Appellant was also sentenced to fifteen years for the robbery, plus an enhancement of fifteen years for the use of a deadly weapon and an additional fifteen years because of his victim's age. The three fifteen-year sentences were also ordered to run consecutively to each other. The forty-five-year sentence for robbery and the sixty-year sentence for sexual assault were ordered to run concurrently. The district court explicitly stated its understanding that NRS 193.165 and NRS 193.167 required that the enhancement penalty for use of a deadly weapon and the enhancement penalty for the age of the victim run consecutively to each other.

On appeal the main issue raised by appellant is whether consecutive sentences for multiple enhancements are mandated by NRS 193.165 and NRS 193.167. We hold that they are not. NRS 193.165[1] has been the law in Nevada since 1973. In

---

[1]NRS 193.165 provides, in pertinent part, as follows:

> 193.165 Additional penalty when deadly weapon, tear gas used in commission of crime; restriction of probation.
>
> 1. Any person who uses a firearm or other deadly weapon . . . in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.
>
> 2. This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact.

April of 1979 the legislature amended NRS 193.165 to preclude the possibility of probation or a suspended sentence for anyone convicted of the use of a deadly weapon in the commission of the specified crimes of murder, kidnaping in the first degree, sexual assault or robbery. At the same time that the legislature considered and strengthened the deterrent effect of NRS 193.165 by precluding probation or a suspended sentence in the above instances, the legislature enacted NRS 193.167.[2] The latter statute provides for an additional penalty for the commission of certain specified crimes against persons sixty-five years of age or older.

NRS 193.167(1)(f) provides that the defendant who commits the specified crime against a person sixty-five or over shall be imprisoned "for a term equal to and in addition to the term of imprisonment *prescribed by statute for the crime*. The sentence prescribed by [NRS 193.167] must run consecutively with the sentence prescribed by statute for the crime." (Emphasis added.) It is clear that the statute requires the enhancement penalty to run consecutively to the penalty for the primary offense. Whether the legislature intended to require that the enhancement penalties of NRS 193.165 and NRS 193.167 run consecutively to each other is unclear. Indeed, it is unclear whether our legislature intended a single substantive offense to be subject to more than one consecutive enhancement penalty, even as a matter of judicial discretion.

An examination of the plain meaning of the language of the statutes prove them to be open to more than one construction. It is the "sentence prescribed by statute for the crime" to which the enhancement penalty must be consecutive. Therefore, ambiguity regarding what is meant by "the crime" creates

---

[2]NRS 193.167 provides as follows:

193.167 Additional penalty when certain crimes committed against person 65 years of age or older.
1. Any person who commits the crime of:
(a) Assault;
(b) Battery;
(c) Kidnaping;
(d) Robbery;
(e) Sexual assault; or
(f) Taking money or property from the person of another,
against any person who is 65 years of age or older shall be punished by imprisonment in the county jail or state prison, whichever is applicable, for a term equal to and in addition to the term of imprisonment prescribed by statute for the crime. The sentence prescribed by this section must run consecutively with the sentence prescribed by statute for the crime.
2. This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact.

ambiguity regarding the mandate of NRS 193.167(1)(f). It is unclear whether the enhancement statute refers to the sentence imposed for the primary offense only, or to the sentence imposed for the primary offense *plus* the sentence imposed for the use of a deadly weapon. For example, where a crime is committed with the use of a deadly weapon the "sentence prescribed by statute for the crime" may be viewed as prescribed by two statutes: the statute providing a penalty for the primary offense, and the statute providing an enhanced penalty for the use of a deadly weapon. However, both section two of NRS 193.165 and section two of NRS 193.167, in identical words, specify that their respective statutes do not create a separate crime. *See* Boyle v. Warden, 95 Nev. 888, 603 P.2d 1068 (1979). This factor, together with the language "for the crime" lends support to an inference that differs from the above construction. Alternatively, it may be the intention of the legislature by reference to "the sentence prescribed for the crime" that the enhancement can only be consecutive to the sentence prescribed for the primary offense alone, irrespective of any other enhancements.[3] Support for either interpretation of the two statutes might emerge from a review of the statutes' legislative histories.

Only two unequivocal inferences can be drawn from the legislative history of both the amendment to NRS 193.165 and NRS 193.167. The first is that our legislature was fully aware of the earlier enhancement statute when it considered and enacted NRS 193.167. Second, the purpose of the laws is deterrence. *See* Anderson v. State, 95 Nev. 625, 630, 600 P.2d 241, 244 (1979). *See also* People v. Van Winkle, 408 N.E.2d 29 (Ill.App. 1980). It cannot be said, however, that the deterrent purpose of NRS 193.167 is served only if its penalty is consecutive to the penalty for NRS 193.165. The vulnerability of aged persons to crime is more acute because of their frailty. Such frailty often makes the use of a deadly weapon to accomplish the crime unnecessary. Thus, neither inference drawn from the legislative history of NRS 193.167 and the legislative history of the amendment to NRS 193.165 resolves the inherent ambiguity mentioned above.

Where the legislative intent of a criminal statute is

---

[3]We note that one possible interpretation of NRS 163.167(1)(f) would require that the sentence for the second enhancement be equal to as well as consecutive to the sum of the sentence for the primary offense and the first enhancement penalty. For example, a defendant who received fifteen years for a robbery and an additional consecutive fifteen years for the use of the gun would necessarily receive an additional *thirty* years if the victim was over sixty-five years of age.

ambiguous, the statute must be strictly construed against imposition of a penalty for which it does not provide clear notice. Anderson v. State, 95 Nev. at 629, 600 P.2d at 243; Sheriff v. Hanks, 91 Nev. 57, 60, 530 P.2d 1191, 1193 (1975). Therefore, we hold the sentencing court may not impose consecutive enhancement penalties under NRS 193.165 and NRS 193.167 for the same offense.

Accordingly, because the imposition of the enhanced penalties consecutively to each other, for both the robbery and the sexual assault, was done with the erroneous belief that the law so required, we reverse and remand to the district court for resentencing in accordance with this decision. Appellant's constitutional challenges to the validity of NRS 193.167 have been considered and are without merit. Due process is not violated merely because the statute does not require knowledge of the victim's advanced age. See United States v. Balint, 258 U.S. 250, 252 (1922); Lambert v. California, 355 U.S. 225, 228 (1957). Similarly, appellant's argument to the effect that the accused's right to equal protection is violated, because the statute distinguishes between perpetrators of crimes against victims over sixty-five years old and those who are younger, is without merit. Sheriff v. Williams, 96 Nev. 22, 604 P.2d 800 (1980).

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[4] concur.

---

[4]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.