THE STATE OF NEVADA, Appellant, v. GEORGE DUNCKHURST, Respondent.

No. 14755

September 27, 1983                              669 P.2d 243

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*Wright, Shinehouse & Stewart,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting respondent Dunckhurst's pretrial petition for a writ of habeas corpus. The sole issue presented is whether the district court committed reversible error in concluding that the state could not charge Dunckhurst with the use of a deadly weapon in the commission of the offense of murder. Having concluded that the district court erred, we reverse and remand.

On February 9, 1983, the Clark County grand jury indicted Dunckhurst under NRS 200.010 and NRS 200.030 for open murder, and under NRS 193.165 for the use of a deadly weapon in the commission of that offense. The indictment was based on evidence that Dunckhurst strangled the victim with his hands, and then moved her into another room. He then got a knife from the kitchen and stabbed the victim in the neck.

Following his indictment, Dunckhurst filed a petition for a writ of habeas corpus in district court. Dunckhurst sought dismissal of the use of a deadly weapon charge on the ground that the evidence presented to the grand jury was insufficient to support that charge. In support of this argument Dunckhurst cited medical testimony that the victim died as a result of strangulation, and that the knife wounds did not contribute to her death.

The district court concluded that Dunckhurst could not be charged with the use of a deadly weapon, because the testimony, as viewed by the district court, showed that the knife wounds were "superficial" and did not contribute to the victim's death. We disagree. Even if we accept the district court's view of the evidence, it does not follow that a deadly weapon enhancement is unavailable. The term "use" in the context of deadly weapon enhancements has been broadly construed. *See* Allen v. State, 96 Nev. 334, 609 P.2d 321 (1980); State v. Trujillo, 578 P.2d 342 (N.M.Ct.App. 1978). The facts of this case are sufficient to establish "use" of the knife in the commission of the murder.

The district court therefore committed reversible error in dismissing the charge based on the use of a deadly weapon. Accordingly, we reverse the order of the district court granting a writ of habeas corpus, and we remand the matter for trial on both the murder charge and the deadly weapon charge.

Reversed and remanded.