KENNETH DON BARRETT, JR., Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 17905

June 22, 1989          775 P.2d 1276

---

362

*Morgan D. Harris,* Public Defender and *Marcus D. Cooper,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex A. Bell,* District Attorney and *James Tufteland* and *Alexandra C. Chrysanthis,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Kenneth Don Barrett, Jr. was charged with seven counts in two separate informations, which were consolidated for trial. After hearing the evidence, the jury convicted Barrett on all seven counts. At sentencing, Barrett was adjudged an habitual criminal. The district court sentenced Barrett for each conviction, and enhanced the sentences pursuant to NRS 193.165, use of a deadly weapon, NRS 193.167, victim over age 65, and NRS 207.010, habitual criminal.

Barrett first contends that the district court committed prejudicial error when denying his motion to suppress evidence discovered in the search of the Slonigers' apartment and the storage facility. Barrett submits that his periodic presence at the apartment, and single payment to the Slonigers, to help with expenses, established his co-tenancy in the apartment. Barrett argues that as co-tenant he had a reasonable expectation of privacy in the apartment. Therefore, Dean Sloniger's consent to the warrantless search was invalid as to the areas in the apartment where his belongings were kept. Following a lengthy evidentiary hearing, the district court found Barrett to be a guest of the lessee, and on that basis denied his motion to suppress. Barrett stayed at the apartment for about ten days. The lease, naming the Slonigers, was for six months. Dean Sloniger was an ex-felon on probation, and precluded from associating with Barrett, as Barrett was an ex-felon himself. Although Barrett paid the Slonigers some money, it was not a specific amount. The money was offered to help out with expenses, and cannot be construed as rent. Barrett's behavior did not establish co-tenancy of a residence.

There is no expectation of privacy in the apartment of another. *See* Hicks v. State, 96 Nev. 82, 605 P.2d 210 (1980); *see also* Roberts v. State, 95 Nev. 288, 593 P.2d 57 (1979). Additionally, Dean Sloniger's premises were subject to a search clause pursuant to his probation, and the Slonigers consented to the search of

their apartment. The district court properly denied Barrett's motion to suppress evidence discovered in the Slonigers' apartment.

The warrant to search the storage area rented in the name of Eric Barrett, appellant's deceased brother, was based on sufficient probable cause. The information provided by the confidential informant satisfied the totality of circumstances test as enunciated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 (1983). The police were not dishonest or reckless in the preparation of their affidavits to support issuance of the warrant, and the facts supported an objective reasonable belief in the existence of probable cause. Point v. State, 102 Nev. 143, 717 P.2d 39 (1986); United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984).

Barrett next contends that he should have been convicted of burglary, robbery, or grand larceny auto, but not all three. Barrett's contention is totally without merit. Barrett committed the offense of burglary when he entered Mrs. Baca's house with the intent to rob her. Sheriff v. Stevens, 97 Nev. 316, 317-318, 630 P.2d 256, 257 (1981); NRS 205.060. Mrs. Baca's initial consent to the entry by Barrett is not a defense to burglary since Barrett was shown to have acquired the entry with felonious intent. Thomas v. State, 94 Nev. 605, 610, 584 P.2d 674, 677 (1978).

Barrett robbed Mrs. Baca of her jewelry and cash. Barrett sprayed mace in her eyes and tied her up, and thus took personal property by means of force or violence. NRS 200.380. Barrett committed grand larceny auto when he drove away in Mrs. Baca's car. NRS 205.220. Grand larceny auto is a separate and distinct offense from robbery. Barrett was properly charged and convicted of the separate offenses of burglary, robbery, and grand larceny auto. Sheriff v. Stevens, 97 Nev. at 318, 630 P.2d at 257.

Originally Barrett was charged with seven counts in two separate informations. The separate informations were consolidated at the commencement of trial. The trial court sentenced Barrett in two separate judgments, according to the original informations. Because the informations were consolidated to constitute one action, tried before one jury, one judgment of conviction should result.

The sentence imposed for the offense of robbery with the use of a deadly weapon, victim over age 65, appears to have been

enhanced consecutively by NRS 193.165, use of a deadly weapon, or NRS 193.167, victim over age 65, and NRS 207.010, habitual criminal.

The record is unclear regarding the issue of sentencing. Specifically, it is unclear upon what statute the district court relied when enhancing Barrett's sentence. In Carter v. State, 98 Nev. 331, 335, 647 P.2d 374, 377 (1982), this court held that a sentencing court may not impose consecutive enhancements under NRS 193.165 and NRS 193.167 for the same primary offense. Further, this court has held:

> [W]hen a defendant is convicted of a principal crime with the use of a deadly weapon and is adjudged an habitual criminal, the sentencing court may either enhance the sentence for the primary offense pursuant to NRS 193.165 for the use of a deadly weapon, or, alternatively, the court may enhance the sentence under the habitual criminal statute.
>
> A district court may not enhance a primary offense under both NRS 193.165 and NRS 207.010.

Odoms v. State, 102 Nev. 27, 34, 714 P.2d 568, 572 (1986). The sentencing court may enhance each primary offense pursuant to one enhancement statute. Imposition of consecutive enhancements applied to a primary offense is inconsistent with the application of the habitual offender statute and the permissible uses of enhancement under NRS 193.165 and NRS 193.167.

The sentence was imposed in two separate judgments even though the informations were consolidated. A single judgment of conviction should result when a defendant is charged by one information. Additionally, we are unable to determine upon what statute the district court relied when enhancing Barrett's sentence. Accordingly, we remand this case to the district court for consolidation of the judgments, and clarification of sentencing in accordance with this opinion. McCall v. State, 97 Nev. 514, 517, 634 P.2d 1210, 1212 (1981).

The jury convictions are affirmed. The sentencing order is remanded for clarification.[1]

---

[1]THE HONORABLE ROBERT E. ROSE, Justice, participated in the decision of this appeal upon the record, briefs and recording of the oral argument.