An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EVARISTO NAVARRO RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64945

**FILED**

JUN 1 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of false imprisonment with the use of a deadly weapon, discharging a firearm at or into a vehicle, felon in possession of a firearm, and assault with the use of a deadly weapon. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

I.

Appellant Evaristo Rodriguez and three of his companions, Sofia Ramirez, Abelina Ramirez, and Victor Arellano, accosted four victims in the Silver Legacy parking garage. After the situation escalated, Rodriguez retrieved a revolver from a dark-colored sedan and pointed the gun at the victims as they hastily got into a parked truck. Rodriguez then fired a shot into the air, and as the victims backed out of their parking space, Rodriguez fired an additional one or two shots[1] into the truck.

An unrelated witness called 9-1-1 after hearing the shots and provided a description of the perpetrators' vehicles: a dark-colored sedan

---

[1]Witness testimony varied on the number of shots.

with a tinted license plate and a silver Chevrolet Impala. One of the victims also called 9-1-1 and provided similar information. Shortly thereafter, a police sergeant located two vehicles that matched the descriptions given by the eyewitness and the victims. The sergeant, along with backup officers, effectuated a high-risk "felony stop." At gunpoint, they ordered Rodriguez out of the dark-colored sedan, placed him in handcuffs, and secured him in the back of a police vehicle. Upon searching the vehicle—assertedly with Rodriguez's consent[2]—police found the revolver underneath the passenger's seat. Because Rodriguez is an ex-felon, he was immediately taken into custody.

Rodriguez was indicted on charges of false imprisonment with a deadly weapon, discharging a firearm at a vehicle, being an ex-felon in possession of a firearm, and assault with a deadly weapon. The State also filed a notice of intent to seek habitual adjudication based on Rodriguez's two prior felony convictions. After a four-day trial, a jury convicted Rodriquez of all charges and the district court sentenced him to four consecutive habitual offender sentences for a total of thirty-two to eighty years imprisonment.

Rodriguez appeals, advancing four principal arguments: (1) the district court erred by denying Rodriguez's motion to suppress evidence of a firearm that police found in the car, (2) the district court erred by excluding an out-of-court statement made by an allegedly unavailable third party, (3) the district court should have given a jury instruction on eyewitness identification, and (4) the district court abused

---

[2]The parties dispute whether Rodriguez voluntarily consented to the search. For the reasons stated below, we need not address this issue.

its discretion by imposing four consecutive habitual offender sentences. We affirm.

## II.

A motion to suppress presents mixed questions of law and fact. *State v. Beckman*, 129 Nev., Adv. Op. 51, 305 P.3d 912, 916 (2013). "This court reviews findings of fact for clear error, but the legal consequences of those facts involve questions of law we review de novo." *Id.* Here, the district court did not err by denying Rodriguez's motion to suppress the handgun that officers seized during the warrantless search of his vehicle because the officers had probable cause to believe that Rodriguez had just committed a crime. *See State v. Lloyd*, 129 Nev., Adv. Op. 79, 312 P.3d 467, 474 (2013) ("In the automobile-exception context, a police officer who has probable cause to believe the car contains contraband or evidence of a crime must either seize the vehicle while a warrant is sought or search the vehicle without a warrant. Given probable cause, either course is constitutionally reasonable."). Indeed, "[p]robable cause exists where the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed," *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (internal quotation marks omitted), and here, dispatch informed officers that there had been shots fired at the Silver Legacy parking garage, the shooter was driving a dark-colored four-door sedan with a tinted license plate, followed by a silver Chevrolet Impala, and Sergeant Browett, who parked outside the Silver Legacy parking garage within minutes of the incident, observed and followed the two vehicles as they left the parking garage. Thus, even if the police encounter

amounted to a de facto arrest, as Rodriguez contends, the facts and circumstances justified the warrantless search and seizure.[3]

## III.

"'[I]n determining the relevance and admissibility of evidence,' a district court's discretion is 'considerable.'" *Holmes v. State*, 129 Nev., Adv. Op. 59, 306 P.3d 415, 418 (2013) (quoting *Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 286 (2004)). Although Rodriguez argues that exclusion of Abelina Ramirez's hearsay statement deprived him of his right to present a complete defense, the district court did not abuse its considerable discretion by excluding the statement because hearsay is generally inadmissible, NRS 51.065, and the statement against interest exception, NRS 51.345, did not apply.

A statement against interest is admissible if the declarant is unavailable and the statement, at the time it was made, "[s]o far tended to subject the declarant to civil or criminal liability[ ] . . . that a reasonable person in the position of the declarant would not have made the statement unless the declarant believed it to be true." *Coleman v. State*, 130 Nev., Adv. Op. 26, 321 P.3d 901, 906 (2014). In addition, if the statement "tending to expose the declarant to criminal liability [is] offered to exculpate the accused in a criminal case," it is "not admissible unless

---

[3]"[I]t is apparent that probable cause is legally sufficient where the lesser intrusion of a traffic stop occurs," 4 Wayne R. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 9.3(a) (5th ed. & Supp. 2014), so we need not address whether Rodriguez voluntarily consented to the search or whether the police encounter was a proper *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 27 (1968); *State v. Lisenbee*, 116 Nev. 1124, 1127-28, 13 P.3d 947, 949-50 (2000) (articulating standard for proper *Terry* stop and noting its codification as NRS 171.123(1)).

corroborating circumstances clearly indicate the trustworthiness of the statement." NRS 51.345(1). It is undisputed that Ramirez's statement tended to expose her to criminal liability. Nevertheless, Rodriguez did not satisfy the other two requirements because he did not attempt to summon Ramirez to testify[4] and there was insufficient evidence that her statement was trustworthy. Granted, the trustworthiness requirement "must not be so rigorously applied that it ignores the purpose for the rule[,]" *Coleman*, 130 Nev., Adv. Op. 26, 321 P.3d at 903, but here Rodriguez testified that he never saw Ramirez with the gun, Ramirez gave inconsistent accounts of the night in question, and during the suppression hearing the district court found Ramirez not credible, bordering on perjurious. Thus, the district court properly excluded the hearsay evidence.

## IV.

This court adheres "to the accepted view . . . that specific eyewitness identification instructions need not be given, and are duplicitous of the general instructions on credibility of witnesses and proof beyond a reasonable doubt." *Nevius v. State*, 101 Nev. 238, 248-49, 699 P.2d 1053, 1060 (1985). Nevertheless, Rodriguez argues that the district court should have given his proposed "*Telfaire*[5] instruction" on eyewitness identifications, because *Nevius* cannot be reconciled with *Perry v. New Hampshire*, 565 U.S. ___, ___, 132 S. Ct. 716 (2012). We disagree.

---

[4]Contrary to Rodriguez's argument that "the defendant attempting to present such evidence is not so constricted," NRS 51.055(d) does not distinguish between parties.

[5]*United States v. Telfaire*, 469 F.2d 552, 558-59 (D.C. Cir. 1972).

In *Perry*, the Supreme Court considered whether trial courts must screen all eyewitness identifications for reliability, including identifications made without improper law enforcement influence. 565 U.S. at ___, 132 S. Ct. at 720-21. While acknowledging the fallibility of eyewitness identifications, the Court concluded that such screening was unnecessary because there are "other safeguards built into our adversary system," including the right to confront witnesses, right to counsel, and eyewitness-specific jury instructions, "that caution juries against placing undue weight on eyewitness testimony of questionable reliability." *Id.* at ___, 132 S. Ct. at 728-29. This dicta on "safeguards" evidences the Court's approval of procedures that test the reliability of eyewitness identification, but contrary to Rodriguez's argument, approval, even from the Supreme Court, is not the same as a constitutional mandate.

Citing cases from other jurisdictions, including *Gunning v. State*, 701 A.2d 374 (Md. 1997), *State v. Long*, 721 P.2d 483 (Utah 1986), and *State v. Guster*, 421 N.E.2d 157 (Ohio 1981), Rodriguez nevertheless argues that *Nevius* is outdated and should be overruled even if *Perry* does not *require* eyewitness identification instructions because eyewitness identifications are often less reliable than jurors may appreciate and district courts should have discretion to decide on a case-by-case basis whether an instruction is appropriate. Given the fact that other jurisdictions vary widely in the necessity of eyewitness identification instructions,[6] we do not agree that *Nevius* is outdated. Moreover, *Nevius*

---

[6]Vitauts M. Gulbis, Annotation, *Necessity of, and Prejudicial Effect of Omitting, Cautionary Instruction to Jury as to Reliability of, or Factors to be Considered in Evaluating, Eyewitness Identification Testimony—State Cases*, 23 A.L.R.4th 1089 (1983 & Supp. 2015).

SUPREME COURT
OF
NEVADA

(O) 1947A

6

does not prohibit the discretionary approach for which Rodriguez advocates. Instead, *Nevius* follows the majority approach, namely, that eyewitness identification instructions are not *mandatory*, without commenting as to whether district courts *may* give such instructions. 101 Nev. at 248-49, 699 P.2d at 1060. Thus, here, as in *Nevius*, "the district court did not err by refusing to give appellant's proposed instruction." *Id.* at 249, 699 P.2d at 1060.

## V.

"Adjudication of a defendant as a habitual criminal is 'subject to the broadest kind of judicial discretion.'" *LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 929 (2014) (emphasis omitted) (quoting *Tanksley v. State*, 113 Nev. 997, 1004, 946 P.2d 148, 152 (1997)). Here, Rodriguez qualified as a habitual criminal pursuant to NRS 207.010 because the State proved beyond a reasonable doubt that Rodriguez previously was convicted of two different felonies that involved two different incidents. And while Rodriguez was sentenced for both prior offenses on the same day, "our statute does not require that the convictions and commissions of prior offenses occur in any particular sequence." *Carr v. State*, 96 Nev. 936, 939, 620 P.2d 869, 871 (1980). Moreover, the district court did not abuse its broad discretion by sentencing Rodriguez to four consecutive habitual offender sentences because "[t]he sentencing court may enhance each primary offense pursuant to one enhancement statute," *Barrett v. State*, 105 Nev. 361, 365, 775 P.2d 1276, 1278 (1989), and the jury convicted Rodriguez of four primary offenses.

For these reasons, we

ORDER the judgment of the district court AFFIRMED.[7]

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                                  Douglas

_____, J.          _____, J.
Cherry                                   Saitta

_____, J.          _____, J.
Gibbons                                 Pickering

cc:    Hon. Janet J. Berry, District Judge
       Richard F. Cornell
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

_____

[7]In light of this order, we deny as moot Rodriguez's April 24, 2015, "Motion to Reconsider and/or Clarify Order of April 23, 2015."