134 Nev., Advance Opinion 95

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN JOSE RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73154

**FILED**

DEC 06 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a guilty plea, of battery resulting in substantial bodily harm committed against an older person. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

*Affirmed.*

John L. Arrascada, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Joseph R. Plater, Deputy District Attorney, Washoe County,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, J.:

In this appeal, we consider whether the district court impermissibly imposed double sentencing enhancements for the same primary offense when it sentenced Juan Jose Rodriguez to a maximum of

18-907301

60 months' imprisonment for the crime of battery resulting in substantial bodily harm under NRS 200.481(2)(b) and an additional 120 months' maximum imprisonment under NRS 193.167 for committing that crime against an older person. We conclude that NRS 200.481(2)(b) is not an enhancement statute. Accordingly, the addition of an older person enhancement to Rodriguez's sentence under the primary offense statute, NRS 200.481(2)(b), did not violate Nevada law prohibiting multiple sentencing enhancements for the same primary offense. Therefore, we affirm the judgment of conviction.

## FACTS AND PROCEDURAL HISTORY

Sixty-eight-year-old Henry Sosnowski observed Rodriguez defacing property with graffiti and confronted him. Rodriguez struck Sosnowski, causing him to fall and suffer permanent brain damage. Rodriguez was arrested and charged with battery resulting in substantial bodily harm committed against an older person. Rodriguez pleaded guilty to the offense. The district court sentenced him to 18 to 60 months for the primary offense and a consecutive term of 48 to 120 months for the older-person enhancement, resulting in an aggregate term of 66 to 180 months.

## DISCUSSION

Rodriguez argues that the district court erroneously imposed two sentencing enhancements in this case. Specifically, Rodriguez claims that the primary offense in this case was simple battery (a misdemeanor), and the district court impermissibly imposed both a substantial-bodily-harm enhancement and an older-person enhancement. We disagree.

Rodriguez's trial counsel failed to object and never argued that the older-person-sentencing enhancement should not apply because the battery statute has a built-in enhancement when a battery results in

substantial bodily harm. Therefore, we review for plain error, *Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507 (2009), and will reverse only if Rodriguez demonstrates that "there was 'error,' . . . the error was 'plain' or clear, and . . . the error affected [his] substantial rights," *Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005).

"'Battery' [is] any willful and unlawful use of force or violence upon the person of another." NRS 200.481(1)(a). The classification of the offense—whether it is a misdemeanor, a category C felony, or a category B felony—depends on additional facts identified in NRS 200.481(2). The facts that determine whether the battery is a felony and, if so, the category of felony, include how the battery was committed (with or without a deadly weapon, or by strangulation); whether the battery was committed upon a person in a protected class of employment (a law enforcement officer, for example); the extent of any physical injury to the victim; and the defendant's status as a probationer or prisoner. *See* NRS 200.481(2). If the battery does not involve any of those facts, the offense is a misdemeanor. NRS 200.481(2)(a). But, for example, if the battery results in substantial bodily harm to the victim, as happened here, the offense is a category C felony. NRS 200.481(2)(b). According to Rodriguez, by elevating battery from a misdemeanor to a category C felony based on substantial bodily harm, NRS 200.481(2)(b) is an enhancement statute, and the district court could not impose an additional enhancement under NRS 193.167 based on the victim's age.

We recognize that this court has held that a district court may not enhance a primary substantive offense under more than one enhancement statute. *See, e.g., Barrett v. State*, 105 Nev. 361, 365, 775 P.2d 1276, 1278 (1989). For example, a primary substantive offense cannot be

enhanced based on both the use of a deadly weapon under NRS 193.165 and the victim's age under NRS 193.167.[1] *Carter v. State*, 98 Nev. 331, 335, 647 P.2d 374, 377 (1982). Similarly, a primary substantive offense cannot be enhanced based on both the use of a deadly weapon under NRS 193.165 and the defendant's status as a habitual criminal under NRS 207.010. *Odoms v. State*, 102 Nev. 27, 34, 714 P.2d 568, 572 (1986).

We disagree, however, with Rodriguez's characterization of NRS 200.481(2)(b) as an enhancement statute. The enhancement statutes addressed in *Barrett, Carter,* and *Odoms* increased or added to the penalty for the primary substantive offense based on facts that were not addressed in the primary offense statute. In contrast, the primary offense statute at issue here—NRS 200.481—provides that battery is a felony if certain facts have been shown in addition to a willful and unlawful use of force or violence upon the person of another. When the primary offense statute provides different classifications of the offense based on certain facts, nothing in our prior decisions prevents the district court from also applying a separate enhancement statute. This is true regardless of whether the additional

---

[1]This limitation has since been codified in NRS 193.169(1):

> A person who is sentenced to an additional term of imprisonment pursuant to the provisions of subsection 1 of NRS 193.161, NRS 193.162, 193.163, 193.165, 193.166, 193.167, 193.1675, 193.1677, 193.168, subsection 1 of NRS 193.1685, NRS 453.3335, 453.3345, 453.3351 or subsection 1 of NRS 453.3353 must not be sentenced to an additional term of imprisonment pursuant to any of the other listed sections even if the person's conduct satisfies the requirements for imposing an additional term of imprisonment pursuant to another one or more of those sections.

facts addressed in the primary offense statute are characterized as an element of the primary offense or as a fact only relevant to sentencing. Whether characterized as an element of the offense or a sentencing factor, the additional facts are part of the primary offense statute, not a separate enhancement statute. *See People v. Anderson*, 211 P.3d 584, 599 (Cal. 2009) (explaining that a sentencing enhancement statute differs from a statute defining "greater and lesser degrees of the same offense" in that the enhancement addresses specified circumstances of the crime but *"does not set forth . . . a greater degree of the offense charged"* (emphasis added) (internal quotation omitted)). The district court therefore did not err—plainly or otherwise—by imposing the older-person enhancement.

## CONCLUSION

We conclude that NRS 200.481(2)(b) is not an enhancement statute and, therefore, a battery causing substantial bodily harm can be enhanced under NRS 193.167 based on the victim's age without running afoul of Nevada cases prohibiting multiple sentencing enhancements for the same primary offense. Accordingly, we affirm the judgment of conviction.

_____, J.
Cherry

We concur:

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

Supreme Court
OF
Nevada

(O) 1947A