# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAMES LEO HAMRICK,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 74787<br><br>**FILED**<br><br>MAY 3 1 2019 |

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon on a victim 60 years of age or older and destroying evidence. Third Judicial District Court, Lyon County, Leon Aberasturi, Judge.

Appellant James Hamrick was found guilty of murdering his brother's wife, Toni Davis, both of whom he lived with. Hamrick testified that Davis pointed a gun at his face, and while he struggled to get the gun away from her, the gun went off, killing Davis. Hamrick then moved Davis's body to a remote area. Hamrick did not tell anyone about Davis's death until weeks later, when he told his sister that he had been forced to defend himself against Davis and the gun had accidentally gone off, killing her. Hamrick was convicted and sentenced as follows: Count 1–life with the possibility of parole after twenty years and 60 to 180 months on the two enhancements (use of a deadly weapon and person sixty years or older) merged into one to be served consecutive to Count 1; Count 2–364 days concurrent to Count 1.

On appeal, Hamrick argues the district court made several evidentiary errors when it: (1) allowed Lewis Hamrick, Hamrick's brother, to discuss whether he thought Hamrick witnessed the Davis search efforts; (2) sustained an objection to Hamrick asking Lewis on cross examination

whether Davis had a tendency to become aggressive when she drank alcohol; (3) allowed a law enforcement officer to testify that he became more suspicious of Hamrick during his interview; (4) overruled Hamrick's objection to a law enforcement officer testifying about statements Lewis made about what Davis was wearing on the day of Davis's death; (5) failed to strike testimony of a law enforcement officer describing one of the items he was searching for as a "murder weapon"; and (6) sustained the State's objection to a witness's testimony about hearing a fight between Davis and Lewis. Additionally, Hamrick argues that the jury was not provided with sufficient evidence of premeditation to support a conviction of first-degree murder. He argues that the elderly victim enhancement statute violates equal protection principles and is unconstitutional. Finally, he argues that cumulative error warrants reversal.

*Objections raised at trial*

As a threshold issue, the State argues that appellate review of the evidentiary issues is precluded, absent plain error, because during trial Hamrick failed to request that the district court strike the witness statements he argues should have been stricken. We disagree. While we have acknowledged that "failure to object precludes appellate review . . . unless it rises to the level of plain error," *Baltazar-Monterrosa v. State*, 122 Nev. 606, 614, 137 P.3d 1137, 1142 (2006) (internal quotations omitted), Hamrick made objections and thereby preserved these issues for appeal. Hamrick was not required to additionally request that the court strike the witnesses' answers to preserve his issues for appeal. Thus, this court will review the merits of Hamrick's arguments under the abuse of discretion standard. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109

(2008) ("[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion.").

First, Hamrick argues that the district court abused its discretion because it did not strike Lewis's speculative response when the State asked him whether he thought Hamrick was aware of the search for Davis. We conclude that the district court abused its discretion by failing to sustain Hamrick's objection and strike Lewis's response. However, such error was harmless, as other witnesses testified about Hamrick's lack of involvement with the search efforts. NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."); *Newman v. State*, 129 Nev. 222, 236, 298 P.3d 1171, 1181 (2013) (A nonconstitutional error, such as the erroneous admission of evidence at issue here, is deemed harmless unless it had a "'substantial and injurious effect or influence in determining the jury's verdict.'").

Second, Hamrick argues that the district court abused its discretion when it sustained the State's speculation objection to Hamrick asking Lewis if Davis was aggressive when she drank alcohol. We agree. Hamrick laid the proper foundation to demonstrate Lewis's personal knowledge of Davis's tendencies, so his response would not have been based on speculation. Notwithstanding, there were multiple instances where Hamrick was able to ask about specific instances in which Lewis and Davis got into physical altercations when alcohol was involved. Therefore, while the district court abused its discretion when it sustained the objection for speculation, such error was harmless.

Third, Hamrick argues that the district court erred when it overruled his objection to Detective Marty Dues' testimony that he became "more suspicious" as Hamrick's demeanor changed during their interview

(O) 1947A

with him. Specifically, he argues that whether the law enforcement officers on this case became suspicious is not relevant. We disagree. The fact that law enforcement officers interviewing Hamrick became suspicious because of Hamrick's demeanor is relevant to assist the jury in getting the full context of law enforcement officers' investigation into the evidence of this case as it explains why the law enforcement officers began to focus on Hamrick as a suspect. Therefore, Detective Dues' testimony was relevant and its probative value was not outweighed by unfair prejudice, confusion of the issues, or misleading the jury. NRS 48.015; NRS 48.035(1).

Fourth, Hamrick argues that the district court erred when it overruled his hearsay objection when Detective Dues testified that Lewis told him that Davis was wearing a green pullover sweatshirt, a pair of black sweat pants, and tennis shoes. We conclude that Detective Dues' testimony was not hearsay. The description Lewis provided to law enforcement was not being offered for the truth of the matter asserted, i.e. what exactly Davis was wearing, but rather to demonstrate to the jury the progression of the investigation and why the officers took the steps they did. NRS 51.035 ("Hearsay means a statement offered in evidence to prove the truth of the matter asserted . . . .") (internal quotations omitted). Thus, the district court did not abuse its discretion.

Fifth, Hamrick argues that the district court erred when it bypassed his objection to Detective Michael Marty's testimony about looking for the "murder weapon" and failed to strike Detective Marty's testimony. Although we have held that "[a] witness may not give a direct opinion on [a] defendant's guilt," a witness may provide testimony from which an inference of guilt could be drawn. *Collins v. State*, 133 Nev. 717, 724, 405 P.3d 657, 664-65 (2017); *see Ogden v. State*, 34 P.3d 271, 277 (Wyo.

2001) ("Testimony that is otherwise admissible will not be excluded unless it constitutes an actual conclusion about the guilt or innocence of the accused party."). Here, Detective Marty did not refer to the actual gun used by Hamrick as the "murder weapon" and did not provide direct opinion testimony of Hamrick's guilt.[1] Therefore, the court did not abuse its discretion in permitting Detective Marty's statement. *Mclellan,* 124 Nev. at 267, 182 P.3d at 109.

Sixth, Hamrick argues that the district court erred when it sustained the State's objection to Hamrick asking Jannie Harmon whether there was anything she could hear to determine if Davis and Lewis were having a physical fight on a particular occasion. The district court erred when it sustained the objection to Hamrick's question. As a lay witness, Harmon should have been permitted to answer the question based on what she perceived. NRS 50.265 (permitting a lay witness to testify to opinions or inferences "[r]ationally based" on the witness's perception and "[h]elpful to a clear understanding of the testimony of the witness or the determination of a fact in issue"). However, the error was harmless, as Hamrick had already asked Harmon if she perceived anything that would make her think Lewis and Davis physically fought, to which she was able to respond. We conclude that because the same testimony was provided in direct examination, the district court's error was harmless. NRS 178.598.

*The jury was presented with sufficient evidence to support a conviction of first-degree murder*

Hamrick argues that there was insufficient evidence for the jury to convict him of first-degree murder. We disagree. We will uphold a

---

[1]Detective Marty stated he was looking for the murder weapon in response to being asked what he was looking for.

conviction if a rational trier of fact could have found the essential element of the crime beyond a reasonable doubt, when viewing the evidence in a light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). We will not reweigh the evidence presented to the jury. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) ("[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses."). The record demonstrates that physical evidence and testimony bearing on Hamrick's premeditation was presented to the jury; specifically, the evidence of Hamrick's concealment of the body, Hamrick's tight event timeline, the testimony regarding the bullet trajectory, and Hamrick's inconsistent testimony. We conclude that based on the evidence presented, a rational fact-finder could have found the essential elements of first-degree murder beyond a reasonable doubt. *Origel-Candido*, 114 Nev. at 381, 956 P.2d at 1380.

*Nevada's elderly-victim enhancement is constitutional*

Hamrick argues that Nevada's elderly victim enhancement statute, NRS 193.167, is unconstitutional because it does not pass the rational basis test and it arbitrarily treats elderly-victim offenders differently from younger-victim offenders, violating Hamrick's rights under the Equal Protection Clause of the 14th Amendment. This court has previously settled this issue and concluded that NRS 193.167 does not violate equal protection principles. *Carter v. State*, 98 Nev. 331, 335, 647 P.2d 374, 377 (1982). While this court analyzed the issue under a prior version of the statute which requires that an elderly victim be at least 65 years old, the effective version of the statute requires a minimum age of 60

years old. However, this change does not affect our analysis and we regard *Carter* as controlling authority.

*There was no cumulative error to warrant reversal*

Hamrick argues that cumulative error mandates reversal. The district court made three errors: (1) overruling Hamrick's objection and failing to strike Lewis's speculative response in which he stated that he assumed Hamrick saw the Davis search efforts; (2) sustaining the State's objection to Hamrick asking Lewis whether Davis would become aggressive when she drank alcohol; and (3) sustaining the State's objection to Hamrick asking Jannie Harmon whether there was anything she could hear to determine if Davis and Lewis were having a physical fight on a particular occasion. We acknowledge that the district court committed such errors and the crime of first-degree murder is a serious charge. However, we conclude, after examining the evidence presented to the jury at trial, that, even when considered cumulatively, the quantity and character of such errors would not affect the outcome and do not warrant reversal. *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000) (stating that the court looks at three

factors when evaluating a claim of cumulative error: "(1) whether the issue of guilt is close; (2) the quantity and character of the error; and (3) the gravity of the crime charged"). We, therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Leon Aberasturi, District Judge
Justice Law Center
Attorney General/Carson City
Lyon County District Attorney
Third Judicial District Court Clerk