# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAMIEN ALEXANDER PHILLIPS,
A/K/A TRAVIS ALEXANDER PHILLIPS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78270

FILED

MAR 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit burglary,[1] conspiracy to commit robbery, six counts of burglary while in possession of a deadly weapon, nine counts of robbery with use of a deadly weapon, three counts of assault with a deadly weapon, assault with a deadly weapon of victim 60 years of age or older, carrying a concealed pneumatic gun, and preventing or dissuading a witness or victim from reporting a crime or commencing prosecution. Eighth Judicial District Court, Clark County; Douglas Smith,[2] Judge.

Damien Phillips and Anthony Barr robbed a string of Las Vegas banks in July and August 2018. Phillips robbed the first bank—a U.S. Bank on Paseo Verde in Henderson—alone, but Barr joined him for the

---

[1]The judgment of conviction states that Phillips was convicted of "counts 1 and 2 – conspiracy to commit burglary," which appears to be a clerical error as count 2 was conspiracy to commit robbery. We direct the district court to enter a corrected judgment of conviction fixing this clerical error.

[2]Judge Valerie Adair presided over the trial.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-10656

subsequent four banks: a U.S. Bank on Eastern Avenue, a Bank of the West on North Valley Verde, a U.S. Bank inside of a Smith's Food and Drug on South Valley Verde, and a U.S. Bank on Charleston. During each of the first four robberies, Phillips or Barr or both presented the bank tellers with a note demanding money and threatening to use "a weapon," "a gun," and/or "a bomb" in order to secure compliance. Officers began tracking Phillips and Barr following the fourth robbery. Immediately prior to the fifth robbery, officers observed Phillips and Barr briefly enter a busy Smith's store that housed a U.S. Bank; there was a bulge in Barr's waistband that suggested a firearm. The pair then proceeded to the U.S. Bank on Charleston, where Phillips and Barr robbed the bank at gunpoint. Officers apprehended them as they fled from the fifth robbery. A jury found Phillips guilty on 21 counts, including burglary related to the Smith's he entered immediately before the fifth robbery (count 14). The jury also found Phillips guilty of using a deadly weapon in the commission of each of the crimes.

On appeal, Phillips contends that the evidence presented at trial was insufficient to support the jury's finding of guilt on counts 3 and 4 regarding the robbery of the Paseo Verde branch, the deadly weapon enhancement on counts 3-14 regarding the first four robberies, and the burglary conviction on count 14 regarding the Smith's. We disagree.

Evidence is sufficient to support a verdict if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hager v. State*, 135 Nev., Adv. Op 34, 447 P.3d 1063, 1070 (2019), *quoting Middleton v. State*, 114 Nev. 1089, 1103, 968 P.2d 296, 306 (1998) (internal quotation marks omitted). Circumstantial evidence may support a conviction. *Collman v. State*, 116 Nev. 687, 711, 7 P.3d 426,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

441 (2000). "[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness." *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975).

Here, the jury could reasonably infer from the evidence presented at trial that Phillips committed these crimes. *See* NRS 193.165(1); NRS 200.380(1); NRS 205.060(1). As to counts 3 and 4, U.S. Bank provided video surveillance of the robbery at the Paseo Verde branch, and witnesses identified Phillips as the suspect who robbed that bank.[3] Moreover, officers tied the suspect in the first robbery to one suspect in the second robbery based upon his clothing, notably his glasses, and a witness testified that those glasses belonged to Phillips. It was for the jury to weigh that evidence, which we conclude provided sufficient grounds for the verdict on those counts.

As to the deadly weapon enhancement on counts 3-14, this court has broadly construed NRS 193.165(1), *see State v. Dunckhurst*, 99 Nev. 696, 697, 669 P.2d 243, 243 (1983), and explained that a defendant need not activate a weapon during the crime to receive a deadly weapon enhancement, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221 (1979). Even where the victim does not actually see the weapon, a deadly weapon enhancement will be warranted if the evidence overall suggests the defendant used a deadly weapon to facilitate the crime. *See Bartle v. Sheriff*, 92 Nev. 459, 460, 552 P.2d 1099, 1099 (1976). Here, although the victims in the first four robberies did not observe a weapon, the evidence as

---

[3]We have carefully reviewed the record and considered Phillips' arguments regarding the video surveillance, and conclude that the evidence as a whole supports that the witnesses identified Phillips as the suspect who robbed the Paseo Verde branch.

a whole supports the deadly weapon enhancement. Phillips and Barr threatened the bank tellers with use of a weapon, generally a gun, to facilitate those robberies, and during one robbery, Phillips placed a bag on the counter and indicated it contained a bomb. During the burglary at the Smith's, officers observed that Barr had a bulge in his waistband, and immediately after leaving the Smith's, Phillips and Barr robbed a bank at gunpoint. Officers found guns in the getaway car and in another car owned by Phillips. This is sufficient evidence by which the jury could determine that Phillips used a gun or other deadly weapon during each of the robberies.

Finally, as to count 14 regarding the Smith's burglary, the evidence established that Phillips and Barr parked in an apartment complex behind a Smith's that contained a U.S. Bank, observed the busy area before entering, and were inside only a short time. As noted above, officers observed a bulge in Barr's waistband indicating the presence of a firearm. Phillips and Barr proceeded to rob a U.S. Bank at gunpoint immediately after leaving the Smith's. This evidence, although circumstantial, supports an inference that Phillips and Barr entered the Smith's with intent to commit a robbery, *see* NRS 205.060(1), and no evidence was adduced at trial to demonstrate that Phillips and Barr entered the store for another purpose. Accordingly, there was sufficient evidence by which a rational juror could find Phillips guilty of burglary on count 14. *See*

*Sheriff v. Stevens*, 97 Nev. 316, 317-18, 630 P.2d 256, 257 (1981) (explaining the crime of burglary is complete once the defendant enters the building with the intent to commit a felony).

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial District Court
       Hon. Valerie Adair, District Judge
       Sandra L. Stewart
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk