# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH CHRISTOPHER KONOPS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78747

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction pursuant to a jury verdict of aggravated stalking and burglary in violation of a temporary protective order. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Appellant Kenneth Konops raises six contentions on appeal.[1]

First, appellant argues that the State presented a prejudicial and unfavorable opinion based on hearsay about uncharged bad acts. We discern no plain error. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 94-95 (2003) (reviewing unobjected-to error for plain error affecting substantial rights). The witness testimony that described appellant's threats as "by far the worst case I've ever had," was admissible as relevant to whether the messages were sufficiently threatening to "cause a reasonable person under similar circumstances to feel terrorized . . . or fearful for his or her immediate safety" and place that person "in reasonable fear of death or substantial bodily harm." NRS 200.575(1), (3); *see also* NRS 50.265 (providing that lay opinion is admissible when the opinion is

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

ZC-34467

"[r]ationally based on the perception of the witness" and "[h]elpful to a clear understanding of the testimony . . . or the determination of a fact in issue"). The testimony did not constitute hearsay because the witness's reference to the threats demonstrated how they affected him. *See Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990) ("A statement merely offered to show that the statement was made and the listener was affected by the statement, and which was not offered to show the truth of the matter asserted, is admissible non-hearsay."). Lastly, the testimony did not impermissibly refer to uncharged conduct where it referenced charged conduct from *this* case.

Second, appellant argues that his statutory and constitutional rights to a speedy trial were violated. We disagree. As to the statutory right to a speedy trial under NRS 178.556, there was good cause for the approximately five-month delay. *See Huebner v. State*, 103 Nev. 29, 31, 731 P.2d 1330, 1332 (1987) (stating that dismissal is mandatory under NRS 178.556 only if no good cause is shown for the delay). In particular, the delay was necessary for defense counsel to litigate motions that appellant requested, proceedings related to appellant's competency, a continuance requested by appellant, litigation of appellant's motion to dismiss counsel, litigation of the State's motion to consolidate different cases against appellant, and to accommodate the district court's calendar. As to the constitutional right to a speedy trial, the relevant factors do not support a violation for two reasons. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (identifying factors to be balanced in deciding whether the right to a speedy trial has been violated). First, little of the delay was attributable to the State and the reasons for that delay were valid and appropriate. *See id.* at 531 (explaining that "different weights should be assigned to different

SUPREME COURT
OF
NEVADA

(O) 1947A

2

reasons" for the delay and that "deliberate attempt[s] to delay the trial in order to hamper the defense should be weighted heavily against the government" while "more neutral reason[s] such as negligence or overcrowded courts should be weighted less heavily" and "a valid reason, such as a missing witness, should serve to justify appropriate delay"). Second, appellant has not demonstrated prejudice.[2] *See id.* at 532 (explaining that prejudice "should be assessed in the light of the interests of the defendants which the speedy trial right was designed to protect"). We therefore conclude that appellant has not demonstrated a violation of his constitutional right to a speedy trial.[3]

Third, appellant argues that the district court should not have granted his motion to represent himself. Relying on *Indiana v. Edwards*, 554 U.S. 164 (2008), he argues that the district court should not have found him competent to waive his right to counsel given the unusual circumstances related to his waiver and conduct at trial. We disagree. The record demonstrates that appellant's waiver was knowing, intelligent, and voluntary. *Watson v. State*, 130 Nev. 764, 782, 335 P.3d 157, 170 (2014); *see*

---

[2]The delay was not so long as to violate the constitutional right to a speedy trial absent a showing of prejudice. *See Byford v. State*, 116 Nev. 215, 230, 994 P.2d 700, 710-11 (2000) (concluding that delay of one year was not "extreme" and did not violate right to speedy trial where no prejudice shown); *Manley v. State*, 115 Nev. 114, 126, 979 P.2d 703, 710 (1999) (concluding that a delay of over two years was not a speedy-trial violation where the delay was caused by defendant's filings and legitimate conflicts with state and court schedules).

[3]To the extent that appellant argues that his counsel performed ineffectively by requesting a continuance, we conclude that his claim is not appropriately raised on direct appeal. *Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 507-08 (2001).

*also Harris v. State*, 113 Nev. 799, 802, 942 P.2d 151, 153-54 (1997) (affording deference to a district court's determination that appellant's waiver was knowing and voluntary). The district court conducted a thorough canvass during which it informed appellant of the nature of the charges, the potential penalties, and the dangers of self-representation. *See* SCR 253(3)(f), (g); *see also Faretta v. California*, 422 U.S. 806, 835 (1975) (requiring that a defendant waiving the right to counsel be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open" (internal quotation marks omitted)). The district court informed appellant that he was responsible for complying with courtroom procedures, would not be helped by the court, and would not be granted special law library privileges. Although appellant contends that his poor performance as his own counsel demonstrates that his decision was unknowing, "a criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation." *Vanisi v. State*, 117 Nev. 330, 341, 22 P.3d 1164, 1172 (2001) (quoting *Godinez v. Moran*, 509 U.S. 389, 400 (1993)). Although *Edwards* permits a State to deny self-representation to a competent defendant who nonetheless is severely mentally ill, it does not require that we do so. *Edwards*, 554 U.S. at 178.

Fourth, appellant argues that the district court erred in instructing the jury. Specifically, he contends that the district court erred in giving the reasonable doubt and equal and exact justice instructions. We discern no plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 94-95. This court has repeatedly upheld the equal and exact justice instruction. *See Belcher v. State*, 136 Nev., Adv. Op. 31, 464 P.3d 1013, 1029 (2020) (collecting cases). The district court also gave Nevada's statutory

reasonable doubt instruction as mandated by NRS 175.211, which this court has repeatedly upheld. *See id.*

Fifth, appellant argues that there was insufficient evidence to sustain his convictions. We disagree. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This court will not disturb a verdict supported by substantial evidence. *Id.*

The evidence introduced at trial showed that appellant repeatedly called and texted the victim despite a temporary protective order against domestic violence. In those calls and messages, appellant explicitly stated that he was "homicidal," lamented about not engaging in physical abuse in the past, and threatened to kill the victim's parents. The messages increased in frequency and severity on the day before appellant's arrest, when he repeatedly referenced imminent action that would "disgrace" his family, prompt authorities to action, and result in his arrest and notoriety. The next day, he entered the law office where the victim worked wearing a mask and gloves and quickly moved past the reception area toward her office. An attorney retrieved a firearm and kept appellant at bay until the police arrived. Based on this evidence, a rational juror could have found that appellant maliciously engaged in a course of conduct including objectively threatening behavior that was intended to place the victim in "reasonable fear of death or substantial bodily harm." NRS 200.575(1), (3). Further, this evidence supports the inference that appellant entered the law office in violation of the temporary protective order with intent to commit

SUPREME COURT
OF
NEVADA

O) 1947A

an assault or battery. *See* NRS 205.060(1); NRS 193.166(1)(a); *Sheriff v. Stevens*, 97 Nev. 316, 317-18, 630 P.2d 256, 257 (1981) (explaining that the crime of burglary is complete once the defendant enters the building with the intent to commit a felony).

Lastly, appellant argues that the cumulative effect of trial errors warrants reversal, but as we have found no errors, there is nothing to cumulate.

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Joseph Hardy, Jr., District Judge
     Law Office of Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk